OPINION OF THE COURT
Gerald Adler, J.
In this declaratory judgment action, Allstate seeks a declaration that it is not obligated to either defend or indemnify Victor Matrunola, a defendant herein and the third-party defendant in an underlying negligence action. By cross motion, Victor Matrunola (and two business associates) seek an order directing Allstate to defend him until judgment or final disposition of the underlying action.
In the underlying matter, plaintiffs therein alleged that, for a period prior to December, 1979 and continuing thereafter, defendants Marcellino Lake and Mabel James failed to properly maintain and repair the walls and ceilings of the rooms in plaintiffs’ apartment and, consequently, the infant plaintiff ingested loose paint chips and suffered from lead poisoning. On the date that the infant’s illness was diagnosed as lead poisoning (apparently in Dec., 1979), *641 defendants Marcellino Lake and Mabel James were the owners of the premises. Subsequently, said defendants commenced a third-party action against Victor Matrunola, the previous owner of the premises.
Movant states that the premises were sold by their insured (Victor Matrunola) on May 1, 1978 and that the policy of insurance issued to him expired on June 7, 1978. Since, according to the movant’s papers, “[i]t has been determined that the bodily injury which underlies the original lawsuit occurred no earlier than November, 1979, long after the cancellation of the policy”,* movant contends that it is not required to defend or indemnify its insured and summary judgment should be granted in its favor in the declaratory judgment action.
The insurance policy issued by movant defines “occurrence” as “an accident, including continuous or repeated exposure to conditions, which results in bodily injury.” Although movant argues that the injury manifested itself in November, 1979 (after the policy expired), the court finds (in the absence of evidence to the contrary) that the infant’s exposure to a hazardous condition and, hence, the “occurrence” may have taken place during any of the months the infant resided at the premises since lead poisoning does not necessarily manifest itself immediately upon ingestion of the harmful substance. Fixing the time of occurrence using an “exposure theory”, as opposed to a “manifestation theory”, has been applied to asbestosis cases in other jurisdictions (see Keene Corp. v Insurance Co. of North Amer., 667 F2d 1034; Insurance Co. of North Amer. v Forty-Eight Insulations, 633 F2d 1212) and the court believes that an “exposure theory” should be applied in this case. The decision cited by movant, Van Wyck Assoc. v St. Paul Fire & Mar. Ins. Co. (115 Misc 2d 447), is not controlling and is distinguishable.
An issue is, therefore, presented as to when the infant’s exposure to an allegedly dangerous condition began. There is no indication from the papers submitted when the infant moved to the premises and, hence, whether exposure began during the term of Victor Matrunola’s policy. However, *642 even if she moved to the apartment after he sold the building, there may be questions whether he utilized a dangerous and illegal substance in painting the premises (prior to its sale and termination of the policy), whether he was negligent in its use, and whether he should be responsible therefor. Given such issues, neither party is entitled to summary judgment herein.
The letter sent by Allstate to Victor Matrunola, which advised him that it retained counsel to represent him, constituted an agreement with regard to the terms under which the insurer would assume the defense of the action. One of the terms was the reservation by the insurer of its rights “to set up any and all defenses on noncoverage under said policy”. That agreement does not appear to bind Allstate Insurance Company “to defend the entire underlying litigation until determination at trial of the date of any culpability on the part of the third-party defendant Matrunola,” given the defenses to noncoverage which the declaratory judgment action raises.

 Movant’s determination as to when the injury occurred is based upon the bill of particulars submitted by plaintiffs in the negligence action.