(November 13, 1984)

■ ACORN PONDS, INC., et al., Doing Business as ACORN PONDS AT NORTH HILLS, Respondents, v HARTFORD INSURANCE COMPANY, Doing Business as HARTFORD INSURANCE GROUP, Appellant. — In an action for a declaratory judgment obligating defendant to indemnify and defend plaintiffs, defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated September 16, 1983, which rejected its disclaimer of coverage and ordered it to assume the defense of the underlying action commenced against plaintiffs.

Order reversed, on the law, with costs, defendant's disclaimer of liability is hereby declared valid and it is declared that defendant is not required to defend and indemnify plaintiffs in the underlying negligence action.

Plaintiffs are builders involved in the construction of condominium units. They purchased policy No. 12 C 056723 from defendant Hartford on March 19, 1978. Said policy provided plaintiffs with comprehensive general liability and automobile liability insurance for a one-year term commencing March 19, 1978. The policy was thereafter extended to March 19, 1980. Said policy contained a completed-operations-hazard indorsement.

On June 1, 1980, Esther and Isidore Jaffee entered into possession of the subject unit pursuant to a two-year lease from the then owners. On July 9, 1981, Esther Jaffee fell on an allegedly hazardous defect on the premises and sustained serious bodily injury. She commenced a negligence action which included plaintiffs as named defendants. Plaintiffs thereafter notified their insurer of the personal injury action and demanded that the latter defend and indemnify them. Defendant insurer disclaimed on the ground that the policy had already expired at the time the accident occurred. Plaintiffs thereupon

commenced a declaratory judgment action against their insurer alleging that they were covered at the time of the accident by virtue of the completed-operations-hazard indorsement. Special Term agreed and ordered defendant to assume plaintiffs' defense in the Jaffee action. We disagree on the ground that the plain and unambiguous language of the completed-operations-hazard indorsement provides for coverage for bodily injury sustained only during the policy period (cf. *Bernstein v Crystal Bldg. Corp.*, 86 Misc 2d 885).

As defined in plaintiffs' policy, " '*completed operations hazard*' includes *bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the *named insured*". Both "*bodily injury*" and "*occurrence*" are defined to include the limiting language "during the policy period". Thus, a reading of the policy as a whole clearly advises the insured that covered damage must occur "during the policy period". Moreover, "[a]n insured would expect to find a time limitation expressed in the policy, and would not reasonably assume, after reading only the completed operations definition, that he could cease paying premiums but enjoy completed operations coverage indefinitely" (*Travelers Ins. Co. v Gayfer's & Co.*, 366 So 2d 1199, 1201 [Fla App]).

Notwithstanding the general tenet that ambiguous language in a contract is to be construed most strongly against the party who drafted the document (see *Union Ins. Soc. v Gluckin & Co.*, 353 F2d 946, 951), ambiguity in policy provisions should not be found where none in fact exists (see *Matter of Duncan Petroleum Transp. v Aetna Ins. Co.*, 96 AD2d 942, 943, affd 61 NY2d 665). To adopt the construction urged by plaintiffs would be to effectively disregard the express language of the policy and thereby violate the fundamental rule of construction that a contract must be construed as a whole and effect given, whenever possible, to all its parts (see *Spencer, White & Prentis v Pfizer, Inc.*, 498 F2d 358, 363, n 3).

As set forth in the brief of the *amicus curiae,* a completed-operations-hazard indorsement insures a contractor against accidents which might occur during the policy period but after completion of the project, at which point general liability no longer provides coverage.

Accordingly, we conclude that completed operations coverage is limited to injuries incurred within the policy period, and, therefore, the insurer should not be held liable for an injury

suffered after termination of the policy period even though it emanated from work performed and completed during the policy period (accord *Cruise Line v Boston Redevelopment Auth.*, 520 F Supp 879; *Williams v Aetna Cas. & Sur. Co.*, 151 NJ Super 68; *Singsaas v Diederich*, 307 Minn 153; *Oceanonics, Inc. v Petroleum Distr. Co.*, 292 So 2d 190 [La]).

Inasmuch as the plain and unambiguous language of the completed-operations-hazard indorsement provides for coverage for bodily injury sustained only during the policy period, there was no justification for requiring the insurer to defend plaintiffs in the underlying action. Consequently, defendant's disclaimer of liability was valid and the order appealed from should be reversed. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.