◼ WILLIAM LANE et al., Appellants, v BANKERS LIFE AND CASUALTY COMPANY OF NEW YORK, Respondent. — In an action to recover damages for breach of an insurance policy, plaintiffs

appeal from an order of the Supreme Court, Westchester County (Marbach, J.), entered January 6, 1984, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

The issue raised on this appeal involves the interpretation of the language of an insurance policy covering major medical expenses. Although plaintiffs concede that the language is clear and unambiguous, they contend that defendant's interpretation and application of the terms "Deductible Amount" and "Reduced Deductible Amount" are erroneous.

We have previously stated that "ambiguity in policy provisions should not be found where none in fact exists" (*Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723, 724; *see, Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 57 NY2d 872, 877). To adopt the construction urged by plaintiffs would be to effectively disregard the express language of the policy which draws a distinction between the terms "Deductible Amount" and "Reduced Deductible Amount", and explains under what circumstances each term is applicable.

We also note that the defendant's interpretation of the language of the policy, which Special Term upheld, is also consistent with that of the New York State Insurance Department which, following a complaint by plaintiffs, reviewed the subject policy. Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.