**OPIES MILK HAULERS, INC.,**
**Plaintiff–Respondent,**

v.

**TWIN CITY FIRE INSURANCE COM-**
**PANY, Defendant–Appellant.**

**No. WD 39670.**

Missouri Court of Appeals,
Western District.

June 7, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Mark A. Ludwig, Carson, Coil, Riley, McMillin, Levine & Veit, Jefferson City, for defendant-appellant.

Hamp Ford, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for plaintiff-respondent.

Before MANFORD, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

Before MANFORD, P.J., TURNAGE and COVINGTON, JJ.

Opies Milk Haulers, Inc. filed suit against Twin City Fire Insurance Company on an insurance policy. The court submitted the case to a jury and entered judgment on the verdict in favor of Opies. Twin City contends there is no coverage because of a policy exclusion. Reversed and remanded.

Opies was engaged in the business of operating tankers which carried bulk liquid food products. Each tanker had a capacity of 6250 gallons. In August of 1981 a tanker returned to the Opies facility in Eldon, Missouri after having hauled liquid egg whites. Following the usual procedure, the inside of the tanker was cleaned. Later, the tanker was dispatched to Iowa to haul a load of liquid fructose to Columbia and Sedalia for the Hubinger Company.

The fructose was loaded in Iowa and was hauled to Columbia and Sedalia. After the fructose had been unloaded at both locations, complaint was made that samples of the fructose showed the presence of a foreign substance. Opies unloaded the fructose from the holding tanks into which it had been pumped in Sedalia and Columbia and returned it to Hubinger in Iowa. Tests later determined that the liquid egg whites had not been completely removed from the tanker and that this had contaminated the fructose.

Opies had obtained an insurance policy issued by Twin City from the Naught–Naught Insurance Agency. The policy consisted of cargo coverage and comprehensive general liability coverage. The cargo coverage insured against specified losses which did not include contamination of cargo. The parties agreed that cargo coverage does not apply to the loss here.

The general liability coverage contained coverage for completed operations. The liability coverage contained a provision excluding property damage to property in the care, custody and control of the insured or as to which the insured is for any purpose exercising physical control.

The theory of Opies at trial was that the loss sustained by reason of contamination of the fructose was covered by the completed operations provision and the exclusion as to care, custody or control did not apply. Opies contended that the completed operations coverage applied to the cleaning of the inside of the tanker and that the cleaning had been completed but the residue of egg whites remained, which caused the damage.

Over the objection of Twin City the court submitted the cause to a jury. Over objection, the court admitted evidence by various witnesses as to their opinion of whether or not the loss was within the liability coverage and whether or not the exclusion relating to care, custody or control applied. Opies called the regional claims manager of Twin City, who testified that even if the completed operation coverage applied to the cleaning of the tanker, the care, custody or control exclusion applied so that coverage was not available. Opies also called witnesses who expressed opinion that the care, custody or control exclusion did not apply and that the loss was covered by the completed operations coverage.

The court allowed the insurance policy to be passed to the jury with the completed

operations and the care, custody or control provisions highlighted.

The court gave a verdict director on behalf of Opies that allowed the jury to find for Opies if Twin City issued its policy insuring liability for property damage arising out of completed operations and if the syrup (fructose) was damaged as a result of completed operations. An instruction on behalf of Twin City authorized a verdict in its favor if the jury found that the syrup was in the care, custody or control of Opies at the time of occurrence.

Opies also joined the Naught–Naught agency as a defendant, but the jury returned a verdict in favor of the agency, and no appeal has been taken from that judgment.

The jury returned a verdict in favor of Opies and against Twin City in the amount of $13,922.62 on the policy, $6,474.02 for interest, $1,542.26 for vexatious refusal to pay, and $7,312.96 for attorney fees, for a total award of $29,251.86.

■ Twin City first contends the court erred in submitting the case to the jury. Insurance policies are contracts and the rules applicable to the construction of contracts are applicable to insurance policies. *Central Surety & Insurance Corporation v. New Amsterdam Casualty Co.*, 359 Mo. 430, 222 S.W.2d 76, 78[1] (1949). In *Busch & Latta Painting Corporation v. State Highway Commission of Missouri*, 597 S.W.2d 189, 197 (Mo.App.1980), this court quoted from *Commerce Trust Company v. Howard*, 429 S.W.2d 702, 705–06 (Mo.1968), which in turn quoted *National Corporation v. Allan*, 280 S.W.2d 428, 432 (Mo. App.1955):

" [W]here a contract is clear and unambiguous on its face, or where there is no real conflict of evidence upon any of the essential facts properly to be considered in construing the contract, and the true meaning of the words used is made clear by such evidence, it becomes the duty of the Court, and not the jury, to construe it.' "

The court did not find any ambiguity in the policy. Further, there was no conflict in the evidence on the facts to be considered in resolving the question of coverage. Everyone agreed the tanker had not been properly cleaned and the fructose was contaminated by reason of that lapse.

The court did not call upon the jury to make findings of fact but rather submitted the question of law of whether or not there was coverage. It requires no citation of authority to hold that the proper function of the jury is the determination of facts and the function of the court is to determine questions of law. It was error for the court to submit the issue of coverage to the jury. *Busch*, 597 S.W.2d at 198.

■ Assuming, without deciding, that the failure to thoroughly clean the inside of the tanker came within the coverage of completed operations, Opies fails in its attempt to demonstrate that the exclusion as to care, custody or control does not apply. Opies concedes in its brief that the care, custody or control exclusion is not ambiguous. In *Estrin Construction Co., Inc. v. Aetna Casualty and Surety Co.*, 612 S.W. 2d 413, 422 n. 8 (Mo.App.1981), this court stated that the care, custody or control provision has been consistently found to be unambiguous by the courts of this state. Opies makes some argument that the care, custody or control exclusion becomes ambiguous when considered with the completed operations coverage. Opies fails to demonstrate how the ambiguity arises when these provisions are applied together.[1] Even assuming, as heretofore stated, that the completed operations coverage applies in this case, the care, custody or control exclusion must also be applied. That exclusion provides that the liability insurance does not apply to property damage to property in the care, custody or control of Opies.

Here, there is no dispute that the damage occurred when the fructose was loaded into a contaminated tanker. In *Kirchner v. Hartford Accident & Indemnity Co.*, 440 S.W.2d 751, 756[2] (Mo.App.1969), this

---

**1.** The argument essentially is that if the care, custody or control exclusion is applied there is no coverage. Therefore an ambiguity must exist.

court held that it is well settled that an accident occurs within the meaning of an indemnity policy at the time the complaining party was actually damaged and not at the time the alleged wrongful act was committed. Applying that rule to the facts in this case means that the occurrence covered by the liability policy took place at the time the fructose was loaded into the tanker in Iowa and not when the incomplete cleaning took place. There can be no dispute that at the time the fructose was loaded into the tanker it came into the care, custody or control of Opies. *Kirchner* further held that the care, custody or control provision refers to the possessory handling of the property as distinguished from proprietary control. *Id.* at 756.

Thus, the occurrence took place at the time the fructose was loaded into the contaminated tanker and not at the time Opies failed to remove all of the egg white. When Hubinger was damaged the fructose was in the care, custody or control of Opies. Under the policy exclusion this meant that the damage to the fructose was not covered.

The president of Opies testified that part of the claim he was making against Twin City included damage to material that was in holding tanks belonging to Pepsi–Cola in Sedalia and Columbia when the contaminated fructose was pumped into those tanks. The evidence does not reveal the amount of loss claimed by the Pepsi–Cola plants in Sedalia and Columbia. Twin City concedes that its policy would cover the loss sustained by the Pepsi–Cola plants because such material was not in the care, custody or control of Opies. Opies should be allowed to amend its petition to allege a cause of action for the loss sustained by those plants and the court should hear evidence as to the amount of such loss for which Opies is liable.

Although the court erred in submitting this cause to a jury, the facts as to coverage afforded to Opies for the Hubinger fructose are undisputed. In that case, this court is to give such judgment as the trial court should have given. Rule 84.14. This court finds that the care, custody or control

exclusion applies and that there is no coverage for the Hubinger loss.

The judgment in favor of Opies against Twin City for the Hubinger loss is reversed. This cause is remanded with directions to allow amendment of the petition as mentioned above. If the amendment is made the court shall take evidence only as to the value of the loss sustained by the Pepsi–Cola plants in Sedalia and Columbia, for which Opies is liable by reason of the contaminated fructose being pumped into their holding tanks. The court is directed to enter judgment for the amount thus found against Twin City.