Stephen YOUNG, Plaintiff–Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant–Appellee.

No. 88–3352.

United States Court of Appeals, Eleventh Circuit.

April 19, 1989.

Douglas C. Spears, Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, Fla., for plaintiff-appellant.

Walter A. Ketcham, Jr., Taraska, Grower, Unger & Ketcham, Donald Andrew DeBevoise, Orlando, Fla., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Builder Stephen Young appeals the grant of summary judgment in favor of Insurance Company of North America (INA) in which the district court found that INA had no obligation to provide Young a defense or coverage in a suit alleging the negligent installation of a gas barbecue grill during the construction of a house. Since the issue is controlled by well-settled New York law, we affirm essentially on the basis of the district court's carefully reasoned opinion.

Young was president of Estate Developers, Inc. when it built a home for Marvin and Madeline Bloom in New York between July 1983 and February 1984. The house included a gas barbecue grill installed in the rear of the home. On July 1, 1986, a fire broke out in the house, causing $350,000 in damage. The Blooms sued Young and Estate Developers in state court in New York, alleging that the fire was caused by faulty installation of the gas grill during construction.

Young asked INA to defend him in this suit based upon his general contractor liability policy which was in effect when the house was built. INA refused, contending that the policy, and hence the coverage, had expired prior to the July 1, 1986, fire. Young sought a declaratory judgment in district court, which ultimately granted INA's motion for summary judgment, finding that the policy unambiguously provided coverage only for property damage which occurred during the policy period.

This case turns on the definition of two terms in the policy. The policy requires INA to defend and indemnify Young for property damage caused by an "occurrence." "Occurrence" is defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured[.]" "Property damage" is defined as:

(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period[.]

 Young first contended that the policy is facially ambiguous because the definition of "occurrence" does not explicitly state that the injury must happen during the policy period. Although Young cites *Evanston Ins. Co. v. International Mfg. Co.*, 641 F.Supp. 733 (D.Wyo.1986), which found similar language ambiguous under California law, New York law is admittedly controlling here. Nearly identical language was found to be "clear and unambiguous" in *Van Wyck Assocs. v. St. Paul Fire & Marine Ins. Co.*, 115 Misc.2d 447, 454 N.Y.S.2d 266 (N.Y.Sup.Ct.1982), *aff'd*, 95 A.D.2d 989, 464 N.Y.S.2d 617 (N.Y.App. Div.), *appeal denied*, 60 N.Y.2d 559, 458 N.E.2d 1261, 470 N.Y.S.2d 1025 (1983). Like the INA policy at issue here, the definition of "occurrence" did not include the limiting phrase "during the policy period." That restriction was found in the definition of "bodily injury." Nevertheless, the New York court held the policy only covered damage occurring during the policy period.

 In a closely related argument, Young contended that "occurrence" should be interpreted to include the *exposure* of the property to a hazardous condition during the policy period. He contends that the Blooms' property was exposed to the faulty gas grill, a continuous hazardous condition, during the policy period. This theory has

been nearly uniformly rejected by the New York courts. In *Van Wyck*, the court stated that the coverage did not:

include mere exposure to 'conditions' existent during the policy period, but rather focuses on the 'result' in 'bodily injury' during the policy period. It therefore appears to indicate that coverage is not upon the act or conditions during the period of existence of the policy which might give rise to ultimate liability, but rather upon the 'result' thereof taking place during said policy period of existence.

115 Misc.2d at 450, 454 N.Y.S.2d at 269. Similarly, in *Acorn Ponds, Inc. v. Hartford Ins. Co.*, 105 A.D.2d 723, 481 N.Y.S.2d 392 (N.Y.App.Div.1984), the court construed a policy containing an identical "completed operations hazard" provision and found that it insured a contractor "against accidents which might occur during the policy period but not after completion of the project, at which point general liability no longer provides coverage." *Id.* at 724, 481 N.Y.S.2d at 394. In *American Motorists Ins. Co. v. E.R. Squibb & Sons, Inc.*, 95 Misc.2d 222, 224, 406 N.Y.S.2d 658, 660 (N.Y.Sup.Ct.1978), the court held that "it is the result which is keyed to the policy period, and not the accident or exposure" to ultimate liability.

Of course, the insurance policies under review in *Acorn Ponds* and *American Motorists* defined "occurrence" with the limiting phrase "during the policy period," unlike the INA policy here and the policy in *Van Wyck*. This does not require a different result, however. The definition of "property damage" in the INA policy did state that it covered injury occurring "during the policy period." As in *Van Wyck*, this unambiguously apprised Young that coverage extended only to losses during the policy period.

Cases involving exposure to harmful chemicals during the policy period are inapplicable. *See Allstate Ins. Co. v. Colonial Realty Co.*, 121 Misc.2d 640, 468 N.Y.S.2d 800 (N.Y.Sup.Ct.1983) and *Keene v. Insurance Co. of N. Am.*, 667 F.2d 1034 (D.C.Cir. 1981), *cert. denied*, 455 U.S. 1007, 102 S.Ct.

1644, 71 L.Ed.2d 875 (1982), on which it relied. There the courts concluded that the exposure to chemicals and asbestos could be deemed an "injury" under the policy, even though the outward signs of that injury did not appear until after the policy had expired. The rationale in these cases, that the exposure had resulted in injury even though that injury was not readily apparent, is inapplicable to a case where no injury from the alleged faulty installation of the gas grill occurred during the policy period.

Under New York law, since the property damage occurred after the expiration of the insurance policy, INA had no duty to provide a defense or coverage to Young in the suit against him.

AFFIRMED.