■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v MISHKIN & BARCLAY, INC., et al., Appellants, et al., Defendants. [604 NYS2d 175] —In an action for a judgment declaring the rights and duties of the parties under an insurance agents' and brokers' errors-and-omissions insurance policy issued by the plaintiff, the defendants Mishkin & Barclay, Inc. and Alliance Brokerage Corp. appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated August 19, 1991, which, upon an order granting the plaintiff's motion for summary judgment, declared that the plaintiff has no obligation to defend or indemnify the defendant Alliance Brokerage Corp. for the claim arising out of the underlying lawsuit. The appellants' notice of appeal from an order dated June 26, 1991, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The issue raised on this appeal is the interpretation of an insurance agents' and brokers' errors-and-omissions insurance policy issued by the plaintiff to the defendant Mishkin & Barclay, Inc., and a subsequent endorsement issued by the plaintiff to the defendants Mishkin & Barclay, Inc., and Alliance Brokerage Corp., upon their merger. Contrary to the appellants' contentions, the language of the policy and the endorsement clearly and unambiguously exclude the claim in question. This Court has previously stated that " 'ambiguity in policy provisions should not be found where none in fact exists' " *(Lane v Bankers Life & Cas. Co.,* 111 AD2d 371, 372, quoting from *Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723, 724). The appellants' interpretation of the policy and endorsement is clearly contrary to their plain meaning. Accordingly, the Supreme Court properly granted summary judgment in favor of the plaintiff. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.