■ REGO PARK NURSING HOME et al., Appellants, v CIGNA PROPERTY AND CASUALTY et al., Respondents, et al., Defendants. [700 NYS2d 753] —In an action for a judgment declaring the respective rights of the parties under certain insurance policies, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated June 3, 1998, as (a) granted the cross motion of the defendants Cigna Property and Casualty and Pacific Employer's Insurance Company for summary judgment dismissing the complaint insofar as asserted against them, and (b) denied that branch of their cross motion which was for summary judgment declaring that Cigna Property and Casualty and Pacific Employer's Insurance Company are obligated to defend and/or indemnify them in an action entitled *Fong v Rego Park Nursing Home* (1996 WL 468660), pending in the United States District Court, Eastern District of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

Lydia Fong, Mary Johnson, and Mary McLeod, former employees of the plaintiff Rego Park Nursing Home, commenced an action in the United States District Court, Eastern District of New York, against the Rego Park Nursing Home, its owner, an administrator, and the director of nursing services (hereinafter collectively referred to as Rego Park), alleging that they intentionally and maliciously evaluated, disciplined, and terminated them from their employment on the basis of unlawful race and age discrimination. Rego Park sought coverage from, among other insurance companies, the defendant Pacific Employer's Insurance Company (hereinafter Pacific), whose parent company is the defendant Cigna Property and Casualty (hereinafter Cigna). Pacific and Cigna denied coverage on the ground that the acts alleged were intentional and therefore not covered under their policy. Rego Park commenced the instant action, *inter alia*, for a judgment declaring that Pacific and Cigna were obligated to defend and/or indemnify them in the underlying Federal action.

Contrary to the contention of Rego Park, the Supreme Court did not err in concluding that its allegedly discriminatory acts against Mary McLeod occurred after the Pacific policy expired. Therefore, Pacific was not obligated to provide a defense as to her claims (*see, Acorn Ponds v Hartford Ins. Co.*, 105 AD2d 723, 724).

Pacific also demonstrated its entitlement to summary judgment as a matter of law regarding the claims of Lydia Fong and Mary Johnson by showing that those claims did not fall within the provisions of the policy, and Rego Park failed to present any evidence sufficient to raise a triable issue of fact precluding summary judgment (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557).

Accordingly, the Supreme Court properly granted the cross motion of Pacific and Cigna for summary judgment dismissing the complaint and denied that branch of the cross motion of Rego Park which was for summary judgment against those defendants. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.