In an action for a judgment declaring that the defendant third-party plaintiff, Utica First Insurance Company, is obligated to defend and indemnify the plaintiff, Bassuk Bros., Inc., in an underlying action entitled Miah v Bassuk Bros., pending in the Supreme Court, Kings County, under Index No. 45300/99, the plaintiff and the third-party defendant, Legion Insurance Company, appeal from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated November 1, 2002, as denied their motion, inter alia, for leave to amend the complaint and the third-party answer, and granted the cross motion of the defendant third-party plaintiff for summary judgment declaring *471 that it is not obligated to defend and indemnify the plaintiff in the underlying action and to reimburse the third-party defendant for indemnity payments made on behalf of the plaintiff.
Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Utica First Insurance Company is not obligated to defend and indemnify the plaintiff in the underlying action and to reimburse the third-party defendant for indemnity payments made on behalf of the plaintiff.
The defendant third-party plaintiff, Utica First Insurance Company (hereinafter Utica), issued a general liability insurance policy to the P-K De-Ma Painting and General Construction Corp. (hereinafter P-K) which contained an exclusion for “bodily injury to an employee of an Insured if it occurs in the course of employment.” A P-K employee was injured in the course of his employment and sued the manager of the property where the accident occurred, the plaintiff, Bassuk Bros., Inc. (hereinafter Bassuk). Bassuk commenced this action against Utica, seeking a declaration that Utica defend and indemnify it as a potential additional insured under the Utica policy. The Supreme Court determined that Utica is not so obligated.
An exclusion from coverage “must be specific and clear in order to be enforced” (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer (see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983]; Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361 [1974]). However, an unambiguous policy provision must be accorded its plain and ordinary meaning (see Sanabria v American Home Assur. Co., 68 NY2d 866 [1986]), and the court may not disregard the plain meaning of the policy’s language in order to find an ambiguity where none exists (see Acorn Ponds v Hartford Ins. Co., 105 AD2d 723, 724 [1984]).
The plain meaning of the exclusion was to relieve Utica of liability when an insured or additional insured was sued or contribution was requested for damages arising out of bodily injury to an employee sustained in the course of employment. Therefore, the Supreme Court properly determined that Utica was not required to defend or indemnify Bassuk.
The parties’ remaining contentions are without merit.
Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate judgment (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 *472 US 901 [1962]). Smith, J.E, Krausman, McGinity and Rivera, JJ., concur.