**D.R. SHERRY CONSTRUCTION, LTD., Respondent,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.**

No. SC 90442.

Supreme Court of Missouri, En Banc.

June 15, 2010.

Rehearing Denied Aug. 31, 2010.

Keigh A. Cary and John E. Franke of Franke, Schultz & Mullen P.C., Kansas City, for appellant.

Jonathan Sternberg of Jonathan Sternberg, Attorney, P.C., and Jason Davey of Costello Davey & Fera LLC, Kansas City, for respondent.

RICHARD B. TEITELMAN, Judge.

American Family Mutual Insurance Company appeals a judgment for D.R. Sherry Construction, LTD., on Sherry's claims for breach of contract and vexatious refusal to pay. The judgment is affirmed.

### FACTS

Sherry is a general contractor engaged in the business of building homes. In March 2003, Sherry began constructing a home at 13395 Sycamore Drive in Platte County. In July 2003, Sherry finished construction of the home. On August 8, 2003, Sherry's president and sole shareholder, Darrin Sherry, completed a walk-through of the house with the future homeowners and found no evidence of any structural damage to the house. The homeowners expressed satisfaction with the house and closed on its purchase on

August 15, 2003. During this time, Sherry was insured under a commercial general liability policy issued by American Family.

In April 2004, the homeowners notified Darrin Sherry that the foundation and drywall were cracking. Mr. Sherry inspected the house and confirmed existence of the cracks. In July 2004, the homeowners sent a letter notifying Sherry that there were numerous re-appearing and new cracks in the foundation of the house. The letter notified Sherry that the homeowners had hired a professional engineer to inspect the house and that he had determined that the structural problems with the house were happening because the house was out of level by as much as 8 inches. The letter led Mr. Sherry to conclude in July 2004 that there was a problem with the house. Mr. Sherry investigated the house further and determined that repeated exposure of the foundation to poor soil conditions caused structural damage to the home and resulted in the house being 8 inches out of level. The homeowners threatened to file suit and demanded that Sherry repurchase the house. In March 2005, Sherry entered into an agreement with the homeowners to repurchase the house for approximately $265,000. Sherry then made a claim on the American Family insurance policy. American Family declined coverage.

In November 2005, Sherry filed suit against American Family asserting claims of breach of contract and vexatious refusal to pay. Sherry alleged that it had been insured by American Family since 1991 but did not receive a complete copy of the policy until June 2005. Sherry alleged that it was insured under policy 24 X35041–17, which expired December 5, 2003. American Family asserted that

Sherry cancelled the policy in September 2003. Although the full extent of the damage was not apparent until after the policy had expired, Sherry alleged that the house's foundational problems began during the policy period and caused progressive damage that was not apparent until after expiration of the coverage period. Consequently, Sherry maintained that there was an insurable "occurrence" during the policy period.

The trial court did not determine, as a matter of law, the scope of the coverage provided by the American Family policy. Instead, the trial court submitted the case to the jury to determine whether the American Family policy covered the damages claimed by Sherry and, if so, whether Sherry proved those damages. The trial court entered judgment on the jury's verdict in favor of Sherry. American Family raises six points on appeal.

## ANALYSIS

### I. Jury Instructions

 American Family asserts that the jury instructions were improper because the court did not determine the scope of coverage provided by the insurance policy and, instead, submitted the issue of coverage to the jury.[1] As with any other contract, the interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage. *H.K. Porter Co. v. Transit Cas. Co.*, 215 S.W.3d 134, 140–41 (Mo.App.2006). The issue of coverage becomes a jury question only when the court determines that the contract is ambiguous and that there exists a genuine factual dispute regarding the intent of the parties.

---

**1.** American Family's claims of instructional error are contained in Points I and III of its brief.

*See Graham v. Goodman,* 850 S.W.2d 351, 354 (Mo. banc 1993).

The trial court instructed the jury pursuant to MAI 26.06, which is the proper instruction when there is a genuine dispute as to what agreement was made and whether that agreement was breached. *See Porta–Fab Corp. v. Young Sales Corp.,* 943 S.W.2d 686, 689 (Mo.App.1997). In pertinent part, the trial court instructed the jury as follows:

> Your verdict must be for the plaintiff if you believe:
>
>> First, that there is damage to a residence located at 13395 Sycamore Dr. and *the cause of the damage thereto is specifically covered in plaintiff's insurance contract with defendant,* and
>>
>> Second, plaintiff performed his agreement, and
>>
>> Third, defendant failed to perform his agreement, and
>>
>> Fourth, plaintiff was thereby damaged.

(Emphasis added.)

As American Family notes, the emphasized language requires the jury to determine whether Sherry's property damage claim falls within the scope of coverage provided by the insurance policy. Sherry does not dispute that the instructions require the jury to make a determination as to coverage and does not argue that the language of the policy is ambiguous. Instead, Sherry asserts that it never was provided a complete copy of the insurance policy and that documents sent by American Family to Sherry reflect substantial confusion as to the terms of coverage. As such, Sherry maintains that the very terms of coverage are uncertain and that this presents a factual question regarding the parties' intent that properly was resolved by the jury.

The record does not support Sherry's claim of ambiguity. In its petition, Sherry alleged that it was insured by American Family pursuant to policy 24 X35041–17. Likewise, when American Family filed its motion for summary judgment, Sherry asserted in its cross-motion for summary judgment that it was covered by policy 24 X35041–17 and attached a copy of the policy to its motion. The facts set forth in American Family's motion for summary judgment, including the factual allegation that policy 24 X35041–17 is the applicable policy, are taken as true unless contradicted by the Sherry's response to the motion. *See ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Therefore, from the initial pleadings in the case and continuing through the summary judgment litigation, Sherry and American Family relied on the same policy, which, in pertinent part, provides the following terms of coverage:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies....
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
>> (1) This "bodily injury" or' "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>>
>> (2) The "bodily injury" or "property damage" occurs during the policy period.

■ The trial court did not determine, as a matter of law, whether the policy would provide coverage if Sherry proved its allegation of progressive damage. Instead, the instructions in this case required the jury to make the legal determination of whether "the cause of the damage ... is specifically covered in plaintiff's insurance

contract with defendant." The trial court commits error when the question of coverage improperly is submitted to the jury. *Opies Milk Haulers v. Twin City Fire Ins.*, 755 S.W.2d 300, 302 (Mo.App.1988); *Busch & Latta Painting Corporation v. State Highway Commission of Missouri*, 597 S.W.2d 189, 198 (Mo.App.1980).

▆▆▆▆ Although the trial court erred in submitting the question of coverage to the jury, it does not necessarily follow that the error requires reversal. Reversal for instructional error is appropriate when the instruction misdirected, misled or confused the jury and resulted in prejudice. *Edgerton v. Morrison*, 280 S.W.3d 62, 66 (Mo. banc 2009). Prejudicial error is an error that materially affected the merits and outcome of the case. *Hill v. Hyde*, 14 S.W.3d 294, 296 (Mo.App.2000). As discussed below, American Family was not prejudiced because the policy covers Sherry's claim of progressive damage as a matter of law and there was substantial evidence to support Sherry's claim.

## II. *Progressive Damage*

▆▆▆▆ American Family claims that the trial court erred in overruling its motion for directed verdict at the close of all the evidence because Sherry failed to present evidence to support each element of its breach of contract claim.[2] To make a submissible case for its breach of contract claim, Sherry was required to present evidence from which the jury could have a reasonable basis for finding that (1) there was a contract between Sherry and American Family that included certain rights and obligations between the parties, (2) American Family breached its obligation under the contract, and (3) American Family's breach damaged Sherry. *Teets v. Am. Family Mut. Ins. Co.*, 272 S.W.3d

455, 461 (Mo.App.2008). In reviewing whether the plaintiff made a submissible case, an appellate court views the evidence in a light most favorable to the plaintiff and gives the plaintiff the benefit of all reasonable inferences while disregarding all contrary evidence and inferences. *Id.* Whether the plaintiff made a submissible case is a question of law subject to de novo review. *Id.*

Under the terms of the American Family policy, Sherry is entitled to coverage if Sherry is "legally obligated" to pay damages because of property damage caused by an "occurrence" that happened during the policy period. The central issue in this case is whether Sherry's damages claim arose during the policy period. Sherry's insurance policy's declaration page states that the policy period began December 5, 2002. At trial, the parties disputed the end date of the policy. American Family contended that Sherry canceled the policy in September 2003, while Sherry maintained that it did not cancel the policy and that the policy ended December 5, 2003, which is the end date on the policy's declaration page. The standard of review requires an appellate court to view the evidence in the light most favorable to the judgment, so it is assumed that the policy ended December 5, 2003. As such, to carry its burden at trial, Sherry was required to present evidence that the property damage occurred between December 5, 2002, and December 5, 2003.

Sherry argues that there is coverage because the damage began during the policy period and was progressive from that point forward. Sherry's progressive damage theory was premised on allegations that unanticipated and repeated exposure to poor soil conditions under the house, beginning during the policy period, caused the house to settle out of level, which

2. This discussion relates to Point II and Point V of American Family's appeal.

caused property damage to the house's foundation. American Family argues that there is no coverage because the damage was not detected and confirmed by Sherry until July 2004. The question is whether the "occurrence" triggering coverage under the American Family policy was the poor soil condition and ensuing progressive damage or the eventual detection and confirmation of the property damage caused by those poor soil conditions.

American Family asserts that an "occurrence" under its policy is tantamount to an "accident." Sherry does not dispute this assertion and notes that a number of cases have defined an "occurrence" as an "accident." *See American States Ins. Co. v. Mathis,* 974 S.W.2d 647, 650 (Mo.App.1998). The determinative inquiry into whether there was an "occurrence" or "accident" is whether the insured foresaw or expected the injury or damages. *Columbia Mut. Ins. Co. v. Epstein,* 239 S.W.3d 667, 672 (Mo.App.2007). While an "accident" does not include expected or foreseeable damage, it is also true that an "accident is not necessarily a sudden event; it may be the result of a process." *Id.* This principle is illustrated in *Scottsdale Insurance Co. v. Ratliff,* 927 S.W.2d 531 (Mo.App.1996). In *Scottsdale,* the plaintiff was insured under an occurrence-type commercial policy similar to the American Family policy at issue in this case. The plaintiff alleged that a pest control company negligently failed to detect a termite infestation. *Id.* at 534. The damage was not detected until structural problems arose after the insurance policy had expired. The plaintiff alleged that the termites were present during the alleged negligent inspection and that the termites continued to damage the house progressively. The court of appeals held that the insurer had a duty to defend the pest control company because, if true, these

facts would constitute an "occurrence" under the policy. Rather than restricting coverage only to the period of time after the plaintiff had discovered the damage, the injury was a continuing one, beginning at the time of the negligent inspection and continuing until discovery. *Id.*

Similarly, in *Stark Liquidation v. Florists' Mut. Ins. Co.,* 243 S.W.3d 385 (Mo.App.2007), the plaintiff filed suit alleging that the defendant sold fruit trees infected with a disease that prevented the trees from bearing fruit and that the disease then spread to the remainder of the fruit crop. *Id.* at 394. The defendant's liability insurer claimed that the property damage did not occur within the policy period because the farmer and merchant did not discover that the bacterial disease was present until several years after the policy expired. *Id.* at 393. Nonetheless, the court of appeals held that because the evidence showed that the bacterial infection was present from the moment the trees were delivered, the occurrence of the injury was within the policy period. *Id.* at 394.

*Scottsdale* and *Stark* establish the proposition that an occurrence-type policy, such as the American Family policy at issue in this case, covers cases of progressive injury where the cause of the damage is present during the policy period but the damage is not apparent until after the policy period. Although the jury improperly was called to determine the legal issue of coverage, American Family was not prejudiced because, as a matter of law, the policy covers the type of claim made by Sherry in this case.

The issue then becomes whether Sherry presented sufficient evidence to establish an "occurrence" during the policy period. The evidence presented by Sherry in this case is analogous to *Scottsdale* and *Stark.* In both cases, the cause of the

damage was present during the coverage period but was not apparent at that time. Similarly, Sherry introduced evidence showing that the home inadvertently was constructed on soil that was incapable of providing adequate support and that, as a result of this unforeseeable circumstance, the home progressively was damaged to the point of being uninhabitable. Sherry testified that his company did not foresee that the home would suffer irreparable damage from settlement. Sherry admitted that he knew the home was built on fill dirt but testified that the home was equipped with foundation piers designed to provide further stabilization and that the house passed all county inspections. Viewed in the light most favorable to the verdict, there is evidence to support Sherry's claim that the cause of the damage commenced during the policy period and, therefore, constituted an insurable "occurrence."

■■■■■ Finally, American Family argues that even if Sherry's progressive damage theory is valid and supported by evidence, there is no coverage because Sherry was not "legally obligated" to repurchase the home. After American Family informed Sherry that it would not undertake further investigation the claim until the homeowners filed a lawsuit, Sherry repurchased the home pursuant to a settlement agreement. A settlement agreement is a contract that creates legally enforceable obligations. Because of the settlement agreement, Sherry legally was obligated to pay damages to the homeowners. American Family's argument that Sherry was not legally obligated to pay damages is without merit.

Sherry made a submissible case of breach of contract by introducing evidence that there was a contract between Sherry and American Family, that American Family breached its obligation under the contract, and that American Family's breach damaged Sherry. The trial court did not err in overruling American Family's motions for directed verdict and judgment notwithstanding the verdict on Sherry's claims for breach of contract.

### III. *Expert Witness*

■■■ In its fourth point, American Family asserts that the trial court erred in admitting into evidence as Plaintiff's Exhibit 1 a report by engineer Ken Sidorowicz. American Family contends that Exhibit 1 should not have been admitted because the court previously had determined that Sherry failed to establish Mr. Sidorowicz's credentials as an expert. This point fails because American Family waived its objection to the admission of Exhibit 1. Sherry proffered the exhibit during the direct examination of Mr. Sherry, and American Family's counsel stated there was no objection:

> Q: [Sherry's attorney] I'm going to show you what's been previously marked as Plaintiff's Exhibit No. 1. Can you identify that, please?
>
> A: [Mr. Sherry] This is a Foundation Evaluation done on my behalf by the engineer Ken Sidorowicz.
>
> SHERRY'S ATTORNEY: Offer Plaintiff's 1.
>
> AMERICAN FAMILY'S ATTORNEY: *I have no objection, Your Honor.*
>
> THE COURT: One is admitted.

(Emphasis added.)

■■■ An announcement of "no objection" when evidence is sought to be admitted waives appellate review. *McCormack v. Capital Elec. Constr. Co., Inc.,* 159 S.W.3d 387, 398 (Mo.App.2004). Consequently, American Family has preserved no argument on appeal regarding the admission of Exhibit 1.

## IV. *Vexatious Refusal to Pay*

In its final point, American Family asserts that the trial court erred in overruling its motion for judgment notwithstanding the verdict because there was no substantial evidence to support the jury's verdict awarding Sherry attorney's fees for vexatious refusal to pay. Review of this claim requires this Court to accept as true the evidence and reasonable inferences therefrom in a light most favorable to the prevailing party and to disregard contradictory evidence. *Georgescu v. K Mart Corp.*, 813 S.W.2d 298, 299 (Mo. banc 1991).

A claim of vexatious refusal to pay requires proof (1) of an insurance policy, (2) of the insurer's refusal to pay and (3) that the insurer's refusal was without reasonable cause or excuse. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 456–57 (Mo. banc 2006). There is no dispute that Sherry was insured by American Family or that American Family did not pay Sherry's claim. The dispute centers on the third element.

Viewed in the light most favorable to the jury's verdict, the evidence showed that American Family refused to pay Sherry's claim without reasonable cause or excuse. Sherry notified American Family of the property damage as early as July 2004. American Family took no steps to investigate Sherry's claim until it assigned an adjuster to the claim in July 2005. There was also evidence that American Family told Sherry that it would not investigate further until the homeowners filed a lawsuit. The evidence of American Family's delay and then refusal to investigate Sherry's claim provided the jury with a basis for concluding that American Family unreasonably refused to pay Sherry's valid claim for property damage. The trial court did not err in overruling American Family's motion for judgment notwithstanding the verdict.

### CONCLUSION

The judgment is affirmed.

PRICE, C.J., RUSSELL, WOLFF, BRECKENRIDGE and STITH, JJ., and SYLER, Sp.J., concur.

FISCHER, J. not participating.