■ LUIS MIGUEL HERRNSDORF, Plaintiff, v BERNARD JANOWITZ CONSTRUCTION CORPORATION, Defendant/Third-Party Plaintiff-Respondent, et al., Defendants. UTICA FIRST INSURANCE CO., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [947 NYS2d 552]—

In an action to recover damages for personal injuries, and a third-party action, inter alia, for a judgment declaring that the third-party defendant Utica First Insurance Co. is obligated to defend and indemnify the defendant third-party plaintiff, Bernard Janowitz Construction Corporation, in the main action, the third-party defendant Utica First Insurance Co. ap-

peals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated May 10, 2011, as, upon renewal, in effect, adhered to a determination in an order dated May 4, 2010, denying its motion for summary judgment on the third-party complaint insofar as asserted against it.

Ordered that the order dated May 10, 2011, is reversed insofar as appealed from, on the law, with costs, upon renewal, the order dated May 4, 2010, is vacated, the motion of the third-party defendant Utica First Insurance Co. for summary judgment on the third-party complaint insofar as asserted against it is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment, inter alia, declaring that the third-party defendant Utica First Insurance Co. is not obligated to defend and indemnify the defendant third-party plaintiff, Bernard Janowitz Construction Corporation, in the main action.

The defendant Bernard Janowitz Construction Corporation (hereinafter Janowitz) was hired as the general contractor for a construction project of 100 housing units known as "Harbor View" in Port Washington. Janowitz subcontracted with the third-party defendant Allright Construction (hereinafter Allright) to install metal trimming on the roofs of the houses. Allright obtained an insurance policy from the third-party defendant Utica First Insurance Co. (hereinafter Utica). The policy excluded coverage for lawsuits arising out of injuries to employees of any insured who were injured in the course of their employment. The plaintiff was employed by Allright. He was injured while working on the Harbor View project on January 11, 2005. He thereafter commenced the instant action against Janowitz to recover damages for his injuries.

Janowitz commenced a third-party action against Allright and Utica, inter alia, for a judgment declaring that Utica was required to defend and indemnify Janowitz in the main action. Utica then moved for summary judgment on the third-party complaint insofar as asserted against it. In an order dated May 4, 2010, the Supreme Court denied the motion on the ground that Utica failed to annex any pleadings to the motion. Utica moved for leave to renew, submitting the pleadings and the policy at issue with its motion for summary judgment, and argued that Janowitz was not covered under the policy. In opposition, Janowitz submitted a certificate of liability insurance, which listed Janowitz as an additional insured under the policy. In an order dated May 10, 2011, the Supreme Court granted the motion for leave to renew and, upon renewal, in effect, adhered to its original determination denying Utica's motion for sum-

mary judgment on the third-party complaint. Utica appeals, and we reverse the order dated May 10, 2011, insofar as appealed from.

An exclusion from coverage "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356, 361 [1974]). An unambiguous policy provision, however, must be accorded its plain and ordinary meaning (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866 [1986]), and the court may not disregard the plain meaning of the policy's language in order to find an ambiguity where none exists (*see Acorn Ponds v Hartford Ins. Co.*, 105 AD2d 723, 724 [1984]). Here, the plain meaning of the exclusion is to relieve Utica of liability "when an insured or additional insured was sued or contribution was requested for damages arising out of bodily injury to an employee sustained in the course of employment" (*Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]). Utica established, prima facie, its entitlement to judgment as a matter of law by showing that the exclusion barred coverage in this case, and Janowitz failed to raise a triable issue of fact in opposition (*see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Although the certificate of insurance submitted by Janowitz raised a triable issue of fact as to whether Janowitz was an additional insured under the policy, that issue of fact is irrelevant in light of the exclusion.

Janowitz's remaining contentions are without merit.

Therefore, the Supreme Court, upon renewal, should have granted Utica's motion for summary judgment on the third-party complaint insofar as asserted against it.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment, inter alia, declaring that Utica is not obligated to defend or indemnify Janowitz in the main action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.