■ DOMINICK MICCIO et al., Appellants, v NATIONAL SURETY CORPORATION, Respondent, et al., Defendants.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court Jiudice, J.), entered January 29, 1990 in Dutchess County, which, *inter alia,* declared that defendant National Surety Corporation is not obligated to defend plaintiffs in a wrongful death action.

Plaintiffs owned and operated an ice cream store located in the Village of Fishkill, Dutchess County. When the business first commenced, apparently in the spring of 1978, defendant National Surety Corporation (hereinafter National) issued an insurance policy providing plaintiffs with comprehensive general liability coverage. In early 1979, plaintiffs arranged for the installation of a hoisting device in the store to lower supplies to the basement storage area. In February 1983, the premises were sold to defendant Karl Ehmer and plaintiffs' insurance policy was terminated. Ehmer subsequently operated a restaurant on the property and, in April 1985, Charles Amundsen, Jr. was killed while making a delivery to the restaurant in an accident involving the hoisting device.

Thereafter, Amundsen's administratrix commenced a suit for wrongful death against Ehmer, who subsequently initiated a third-party action against plaintiffs alleging negligent design and installation of the hoisting device. Plaintiffs in turn sought coverage pursuant to the insurance policy in effect during their ownership and operation of the property. The request for coverage was refused and plaintiffs then commenced the instant action seeking, *inter alia,* a judgment declaring that National is obligated to defend and indemnify plaintiffs in the third-party action. Both plaintiffs and National subsequently moved for summary judgment. Supreme Court denied plaintiffs' motion and declared that the insur-

ance policy issued by National to plaintiffs "did not, by its terms, cover the accident in question since the same occurred subsequent to the termination and cancellation of the policy". Supreme Court went on to declare that National was not, *inter alia,* obligated to defend or indemnify plaintiffs in the wrongful death action. Plaintiffs now appeal.

We affirm. At issue in this case is whether the insurance policy that National issued to plaintiffs provided coverage for injury sustained after the expiration of the policy period as the result of a condition created while the insurance was applicable. Plaintiffs initially argue that ambiguities exist in the policy and that the interpretation that coverage is unavailable because the injury occurred beyond the policy period is not the only construction that can be given the policy's language. We disagree. According to its terms, the policy provides coverage for "all sums which [plaintiffs] shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence". The policy also states that "[t]his insurance applies only to bodily injury or property damage which occurs during the Policy Period". Bodily injury is defined in the policy as "bodily injury, sickness or disease sustained by any person which occurs during the policy period". We find, as have other courts concerning identical or similar language, that the terms of the policy are unambiguously clear and that the event prompting coverage under the policy is the occurrence of a specific injury *during the policy period (see, National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332, 336-337; *Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723, 724; *Van Wyck Assocs. v St. Paul Fire & Mar. Ins. Co.,* 115 Misc 2d 447, 450-451, *affd* 95 AD2d 989).

In the case at bar, the bodily injury for which plaintiffs seek defense and indemnification occurred after the policy had expired so that no such coverage under the policy is provided. We reject plaintiffs' argument that contradictory statements, made during an examination before trial by one of National's employees regarding the policy's terms, negate the conclusion that the policy unambiguously excludes coverage. When the policy on its face is clear in its terms and the sense is manifest, any resort to rules of construction or extrinsic evidence of the parties' intent is improper *(see,* 69 NY Jur 2d, Insurance, § 695, at 82). This court may not find ambiguity in an insurance policy where none exists so that where, as here, the provisions of the policy are clear, the contract of insurance must be enforced as written *(see, Moshiko, Inc. v Seiger &*

*Smith,* 137 AD2d 170, 175-176, *affd in part and dismissed in part* 72 NY2d 945).

We also reject plaintiffs' contention that the "completed operations hazard" coverage provided in the policy must be construed as encompassing plaintiffs' liability for injuries which occur after the policy period. The "completed operations hazard" coverage is defined to include: "bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from the premises owned by or rented to [plaintiffs]." Although there is some question as to whether such coverage even existed at the time the hoist was installed, we find that it is equally unavailing to plaintiffs in any event. That portion of coverage is limited by the term "bodily injury" which, by the unambiguous terms of the contract, must occur during the policy period *(see, Acorn Ponds v Hartford Ins. Co., supra).* We find meritless plaintiffs' argument that this specific indorsement was intended to provide additional coverage for an indefinite time beyond the policy period. In our view, the operations hazard indorsement insured plaintiffs against accidents which might occur after the hoist was installed but *during* the policy period, at a point where general liability coverage might prove insufficient *(see, supra).* Thus, plaintiffs' premiums therefor were not meaningless *(cf., Bernstein v Crystal Bldg. Corp.,* 86 Misc 2d 885) and plaintiffs could not conclude that they were able to cease paying premiums but enjoy coverage perpetually *(see, Acorn Ponds v Hartford Ins. Co., supra).*

Finally, we summarily reject any contention by plaintiffs that coverage provided by a "storekeepers insurance" indorsement provided the additional coverage plaintiffs seek herein. There is simply nothing in the record to indicate that this indorsement was issued or that coverage was provided. Accordingly, the judgment should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.