COMMODORE INTERNATIONAL, LTD., et al., Appellants, v NA-TIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent.

First Department, December 10, 1992

APPEARANCES OF COUNSEL

*Robert D. Helfand* of counsel, New York City *(Howard S. Veisz* with him on the brief; *Kornstein Veisz & Wexler,* attorneys), for appellants.

*Donna Marie Hughes* of counsel, New York City *(Jerome Murray* and *Charles H. Witherwax* with her on the brief; *D'Amato & Lynch,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

This is an action to recover under a Comprehensive Dishonesty, Disappearance and Destruction policy or Blanket Crime policy (the relevant provisions of which are the same) issued by defendant to plaintiffs for loss caused by the fraud or dishonesty of plaintiffs' employees. The policy requires, insofar as is relevant, that "[u]pon knowledge or discovery of loss or of an occurrence which may give rise to a claim for loss, the Insured shall: (a) give notice thereof [to the company] as soon as practicable * * * (b) file detailed proof of loss, duly sworn to, with the Company within four months after the discovery of loss." It also provides that "[n]o action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy, nor until ninety days after the required proofs of loss have been filed with the Company, nor at all unless commenced within two years from the date when the Insured discovers the loss."

On April 1, 1987, defendant received a property loss notice from plaintiffs' broker indicating that in January 1987 plaintiffs discovered a loss under the policy involving employee dishonesty. Apparently, two of plaintiffs' employees, who, as well as a former employee, were arrested in mid-February 1987, were stealing and reselling computer systems and parts from the Toronto distribution center of plaintiff Commodore Business Machines Limited (CBM). Over $135,000 Canadian in

cash and approximately $50,000 Canadian worth of computers and computer components were recovered from the home of one of the employees at or shortly after the arrest. In March 1987 CBM instituted a civil action against the employees and obtained an order freezing their assets.

Defendant acknowledged the April 1, 1987 notice and, while expressly reserving all its rights under the policy, forwarded proof of loss forms for execution. In a letter dated April 28, 1987, plaintiffs, through their broker, requested an extension of time to file the proof of loss; in response, defendant stated that it required additional information before it could grant such an extension. In November 1987, plaintiffs' broker requested that defendant "pend" its file until May of 1988. Defendant agreed but, again, only after a full, explicit reservation of rights. Concededly, plaintiffs did not contact defendant again until February 1989, nine months after the May 1988 deadline, when their broker requested that defendant "reactivate" the file. Defendant refused. A proof of loss was not filed until August 1989, more than 2½ years after discovery of the loss and 14 months after the May 1988 "pend" expiration date. This action was commenced on or about December 24, 1990, almost four years after the discovery of the loss and more than 2½ years after the "pend" date's expiration.

On these uncontroverted facts the IAS Court properly granted defendant's motion for summary judgment dismissing the complaint. In order to avoid the bar of the proof of loss requirement, which, in terms of calculating the applicable time period, is triggered by the insured's "discovery of loss," plaintiffs argue that "discovery of loss", for purposes of defining when a "detailed proof of loss" must be filed, occurs only when the insured has obtained facts from which the extent and amount of the loss can reasonably be estimated. In this regard, *Russell Gasket Co. v Phoenix of Hartford Ins. Co.* (512 F2d 205), the authority upon which plaintiffs rely for the proposition that an insured has a reasonable time to discover the extent of its loss before being required to file a proof of loss under a policy requiring the filing of such proof within a specified time after "the discovery of loss", is specifically grounded on an application of Ohio law. *(Supra,* at 208; *see, Wolinsky v National Cas. Co.,* 124 Ohio St 216, 220, 177 NE 588, 589.) We reject such an interpretation of the proof of loss requirement, which is clear and free of ambiguity. The event triggering an insured's obligation under the policy with re-

spect to proof of loss is "discovery" not "determination" of the loss.

The difficulty with plaintiffs' interpretation is that it would leave the determination of the date of discovery of the loss exclusively in the hands of the insured. Such a result would render the proof of loss requirement meaningless and could never have been intended by the parties. To have any efficacy in the context of an insured's obligations under an insurance policy, the time of discovery must be determined according to an objective test, that is, what the reasonable insured would conclude on the basis of the information available to it. *(See, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441-443.)* A loss is "discovered" once an insured has obtained facts sufficient to cause a reasonable person to recognize that there has been dishonesty or fraud resulting in loss. *(See, Utica Mut. Ins. Co. v Fireman's Fund Ins. Cos.,* 748 F2d 118, 121-122; *American Sur. Co. v Pauly,* 170 US 133, 147.) With that as the standard, the question before us is whether ascertainment of the date of plaintiffs' discovery of the loss poses a factual issue requiring a trial or is capable of resolution, as a matter of law, on the facts set forth in this record. On this point, we find that no factual issue is presented.

That, contrary to their claim, there is no ambiguity in the language at issue is best illustrated by plaintiffs' own conduct in this matter indicating their understanding that a proof of loss was required to be filed, not within the time frame of obtaining sufficient facts from which the extent and amount of the loss could reasonably be estimated, but within four months of January 1, 1987: in the April 28, 1987 letter, plaintiffs, through their insurance broker, identified the January 1987 date as the "Discovery Date" and submitted a formal, written request for an extension of 90 days to file such proof. Defendant's agreement to "pend" the file until May of 1988 can, at best, be considered as an extension to that date of plaintiffs' time to file the proof of loss. Plaintiffs neither filed the proof of loss nor requested a further extension before that date. Thus, they failed to comply with the proof of loss requirement, a condition precedent to the commencement of an action on the policy, and the complaint was properly dismissed. Nor, contrary to plaintiffs' argument, was this action commenced within two years of the discovery of the loss.

Plaintiffs argue that the IAS Court's interpretation of the insurance contract would lead to a forfeiture of coverage

whenever circumstances of an ongoing criminal enterprise make it impossible for the policyholder fully to investigate and itemize its losses within four months of the discovery that criminal conduct has occurred. However beguiling, that argument is misplaced in this case. Plaintiffs made no effort to comply with the proof of loss requirement within four months of discovery of the loss or receipt of the proof of loss forms, if the latter be the operative date in light of Insurance Law § 3407 (a) *(see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63 NY2d 201, 215-216), or before expiration of the "pend" period. They could have, during those periods, furnished whatever loss information they had and reserved the right to supplement their proof or, where necessary, submitted estimates indicating that the investigation was continuing. Instead, they submitted nothing for over 2½ years after discovery of the loss.

On this record, there is no showing of waiver or estoppel.

Accordingly, the order of the Supreme Court, New York County (Stuart C. Cohen, J.), entered February 19, 1992, granting defendant's motion for summary judgment dismissing the complaint, should be affirmed, without costs or disbursements.

WALLACH, KUPFERMAN and KASSAL, JJ., concur.

Order of the Supreme Court, New York County, entered February 19, 1992, granting defendant's motion for summary judgment dismissing the complaint, is affirmed, without costs or disbursements.