■ CYNTHIA AMASH, as Administratrix of the Estate of MARIE E. BOOTH, Deceased, Respondent, v DAVID E. HUBBARD, Defendant, and MIDWEST MUTUAL INSURANCE COMPANY, Appellant. [599 NYS2d 153] —Casey, J. Appeal from an order of the Supreme Court (Doran, J.), entered June 1, 1992 in Schenectady County, which, *inter alia,* denied a motion by defendant Midwest Mutual Insurance Company for summary judgment dismissing the complaint against it.

In this declaratory judgment action, plaintiff seeks to determine whether a motorcycle insurance policy issued by defendant Midwest Mutual Insurance Company (hereinafter Midwest) to defendant David E. Hubbard provides coverage for Hubbard's liability arising out of a one-car accident which resulted in the death of decedent. Hubbard was the driver of the automobile, which was owned by Lauren Millavec and insured by Aetna Casualty and Surety Company. Neither Millavec nor her insurer is a party to this action.*

The policy issued by Midwest to Hubbard provided: "We agree with you, in return for your premium payment, to insure your insured motorcycle subject to all the terms of this policy. We will insure you for the coverages and the Limits for Liability for which premium is shown in the Declarations." Midwest contends that its policy affords coverage to Hubbard for liability arising out of the ownership, maintenance or use of his insured motorcycle, not for liability arising out of Hubbard's operation of an automobile. Plaintiff contends that because Midwest agreed, in separate sentences, "to insure your insured motorcycle" and to "insure you", there is at least an ambiguity as to whether the policy provides separate coverage for the motorcycle and for Hubbard. Supreme Court apparently agreed with plaintiff and denied Midwest's motion for summary judgment on the ground that "there appears to be questions of fact for a jury to decide".

In construing an insurance policy, a court must examine the entire contract to determine its purpose and the apparent

---

* As a result of the accident, plaintiff commenced an action against Hubbard and Millavec to recover damages for the wrongful death and conscious pain and suffering of decedent. Millavec's insurer has offered the $50,000 limit afforded by its policy.

intent of the parties *(Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 303). When the policy on its face is clear in its terms and the sense is manifest, there is no need to resort to rules of construction or extrinsic evidence of the parties' intent *(Miccio v National Sur. Corp.,* 170 AD2d 937, 938). The provision relied upon by plaintiff specifically refers to "the coverages and the Limits for Liability for which premium is shown in the Declarations". The declarations page states: "THIS IS A LIMITED POLICY—READ CAREFULLY. WE WILL INSURE YOU FOR THE COVERAGES AND LIMITS OF LIABILITY FOR WHICH PREMIUM IS SHOWN, SUBJECT TO THE TERMS AND CONDITIONS OF THIS POLICY." A premium is shown on the declaration page for liability coverage, with bodily injury limits of $25,000 per person and $50,000 per accident. In "PART I—LIABILITY" the policy provides: "COVERAGE A—LIABILITY COVERAGE We will pay damages for which any insured person is legally liable because of bodily injury and property damages arising out of the ownership, maintenance or use of your insured motorcycle."

An examination of all the relevant terms of the policy concerning liability coverage establishes that the policy clearly and unambiguously does not provide coverage for the automobile accident which resulted in decedent's death. Supreme Court should have granted Midwest's motion for summary judgment dismissing the complaint against it and the order should be modified accordingly.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied defendant Midwest Mutual Insurance Company's motion; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.