[604 NYS2d 633]

CORTLAND PUMP & EQUIPMENT, INC., Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J., Respondent. (And Two Other Related Actions.)

Third Department, December 2, 1993

APPEARANCES OF COUNSEL

*Hinman, Howard & Kattell,* Binghamton *(James S. Gleason* and *Amy Shapiro* of counsel), for appellant.

*Bower & Gardner,* New York City *(Sidney Rosen* and *Allen L. Sheridan* of counsel), for respondent.

*Vedder, Price, Kaufman, Kammholz & Day,* New York City *(John H. Eickemeyer* of counsel, and *Wiley, Rein & Fielding,* Washington, D. C. *(Laura A. Foggan* and *Nancy J. Lemay* of counsel), for Maryland Casualty Company, *amicus curiae.*

*Anderson, Kill, Olick & Oshinsky, P. C.,* New York City *(Jerold Oshinsky, Andrew M. Reidy, Koorosh Taleih* and *Diane M. Horan* of counsel), for W. R. Grace & Company, *amicus curiae.*

## OPINION OF THE COURT

MIKOLL, J. P.

On July 1, 1989, a customer at the Petr-All gasoline station in Onondaga County drove his vehicle away from a gas pump with the pump's nozzle still in the vehicle's gas tank, resulting in damage to the pump. Petr-All called plaintiff to repair the

damage pursuant to a service agreement. However, plaintiff's repairman failed to perform a line test that would have revealed a cracked elbow joint underneath the pump which allegedly caused or permitted gasoline to flow into the ground and eventually into two adjoining residential properties. On March 28, 1990, owners of the two adjoining properties discovered gas fumes on their properties and upon investigation plaintiff then discovered the cracked elbow leak from the pump allegedly damaged on July 1, 1989. Subsequently, the two adjacent owners separately commenced actions against Petr-All for, *inter alia,* trespass, nuisance and loss of use of their residences. A notice from the Department of Environmental Conservation (hereinafter DEC) dated April 2, 1990 advised Petr-All that it was considered responsible for the gasoline leakage and requested that it take specific containment and removal measures. Petr-All commenced third-party actions against plaintiff in the two actions brought by the adjacent property owners and also commenced a direct action against plaintiff for damages due to the leakage.

Plaintiff, pursuant to its comprehensive general liability insurance policy (hereinafter the policy) with defendant in effect from July 31, 1988 to July 31, 1989, requested defendant to defend and indemnify it with respect to the three actions. Defendant reserved the right to disclaim coverage for the three actions on the grounds that the alleged property damage was discovered after the policy period expired and the policy excluded coverage.

Thereafter plaintiff brought these three declaratory judgment actions to declare its rights to a defense and indemnification under the policy. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment declaring that it was under no duty to defend or indemnify plaintiff in the three underlying actions. In a written decision, Supreme Court found that the policy was not in effect at the time of the discovery of the gas fumes by the adjoining property owners and, relying on *Greenlee v Sherman* (142 AD2d 472) and *Miccio v National Sur. Corp.* (170 AD2d 937), denied plaintiff's motions and granted defendant's cross motions for summary judgment. Orders and judgments were entered from which plaintiff appeals. The three appeals were consolidated by order of this Court.[1]

---

1. Maryland Casualty Company and W. R. Grace Company have filed appellate briefs as *amici curiae.*

■ In our view Supreme Court improperly held that under the policy in question property damage occurs upon discovery and therefore incorrectly declared that the underlying damage fell outside the policy period. Consequently, the orders and judgments relating to the two actions commenced by the adjacent property owners should be reversed and summary judgment granted in favor of plaintiff declaring that defendant is obligated to defend in each of the two underlying actions. However, as to the order and judgment relating to the underlying direct action brought by Petr-All against plaintiff, the absolute pollution exclusion and the governmental directive limitation of the policy are applicable, and defendant has no duty to defend or indemnify plaintiff in that direct action. Therefore, the order and judgment relating to Petr-All's underlying direct action should be affirmed.

The relevant part of the policy pertaining to liability coverage provides that defendant "will pay those sums that [plaintiff] becomes legally obligated to pay as damages because of * * * 'property damage' * * * This Insurance applies only to * * * 'property damage' which occurs during the policy period. The * * * 'property damage' must be caused by an 'occurrence'." "Property damage" is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property; or * * * [l]oss of use of tangible property that is not physically injured". "Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions".

With respect to property damage caused by contamination from hazardous materials, our research reveals no controlling authority as to whether the date of discovery or the date of injury-in-fact triggers insurance coverage. In resolving this issue we do not find persuasive the cases that Supreme Court relied upon because intervening causation, not shown to exist here, was a predominant factor in those cases (see, Miccio v National Sur. Corp., 170 AD2d 937, supra; Greenlee v Sherman, 142 AD2d 472, supra). Rather, we find persuasive the fact that the instant policy provides that property damage can be caused by an "occurrence", which the policy defines as a "continuous or repeated exposure to substantially the same general harmful conditions" (cf., Matychak v Security Mut. Ins. Co., 181 AD2d 957, 958, lv denied 80 NY2d 758), that generally an insurance contract "must be construed in its entirety with reference to the subject matter and the nature of the risk involved" (69 NY Jur 2d, Insurance, § 699, at 88),

and that a DEC report supports the claim that the contamination resulted from plaintiff's negligence in repairing the gasoline pump. The foregoing, despite arguments to the contrary, leads this Court to the conclusion that the injury-in-fact standard should be applied to the property damage, a continuous occurrence resulting from plaintiff's alleged negligence which permits a finding that the property damage occurred during the policy period *(cf., Continental Cas. Co. v Rapid-Am. Corp.,* 80 NY2d 640, 651-652; *see, National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332, 337; *but see, Young v Insurance Co.,* 870 F2d 610, 611).

Although the complaints in the underlying actions by the adjoining property owners do not allege that the property damage occurred during the policy period *(see, Borg-Warner Corp. v Insurance Co.,* 174 AD2d 24, 36, *lv denied* 80 NY2d 753), plaintiff is entitled to a defense as they do " ' "permit proof" of the facts establishing coverage * * * [and] do not exclude the possibility that injury-in-fact occurred during the policy period' " *(Continental Cas. Co. v Rapid-Am. Corp.,* 177 AD2d 61, 65, *affd* 80 NY2d 640, *supra,* quoting *Abex Corp. v Maryland Cas. Co.,* 790 F2d 119, 128-129). The duty of an insurer to defend is exceedingly broad, "far broader than any ultimate liability to indemnify" *(supra,* at 65). Thus, we conclude that defendant is obligated to defend plaintiff in the two underlying actions brought by the adjacent property owners.

■ Defendant's contention that the governmental directive limitation is unambiguous, and therefore the absolute pollution exclusion is applicable in the underlying direct action commenced by Petr-All against plaintiff, has merit.[2] Although Supreme Court did not address this issue, the parties do on this appeal. It is conceded that the absolute pollution exclusion, standing alone, is unambiguous. It also appears from the proof that the governmental directive limitation is unambiguous *(see, Hydro Sys. v Continental Ins. Co.,* 717 F Supp 700, 702-703, *affd* 929 F2d 472) and that the underlying complaint in the Petr-All action alleges that the costs incurred by Petr-All resulted from, *inter alia,* a DEC "directive or request". This triggers the governmental directive limitation in the underlying Petr-All action. Plaintiff's argument of waiver of the absolute pollution exception and the governmental direc-

---

2. Defendant concedes that at this point it cannot be determined from the underlying complaints whether the governmental directive limitation applies to the two underlying actions by the adjacent property owners.

tive limitation because defendant did not expressly include reference to same in its disclaimer is of no avail because defendant's denial necessarily incorporated the exception and limitation, apprising plaintiff of the basis for disclaiming coverage (see, Hydro Sys. v Continental Ins. Co., 929 F2d 472, 476, supra; see generally, John v Centennial Ins. Co., 91 AD2d 1104, 1105, lv denied 59 NY2d 605). Thus, based on the absolute pollution exclusion and the governmental directive limitation, defendant is not obligated to defend or indemnify plaintiff in the underlying Petr-All direct action against plaintiff.

MERCURE, J. (dissenting in part and concurring in part). I disagree with the majority's conclusion that the "governmental directive" limitation of plaintiff's "products-completed operations hazard" coverage renders the absolute pollution exclusion applicable to the underlying direct action against plaintiff by Petr-All Petroleum Consulting Corporation. It is undisputed that under the circumstances present here, the pollution exclusion will not apply if "[a]ny loss, cost or expense incurred as a result of any 'clean-up' of 'pollutants' is not *the result of* a governmental directive or request" (emphasis supplied). Although Petr-All's complaint alleges that the Department of Environmental Conservation (hereinafter DEC) served a notice and claim that Petr-All "was obligated under the Navigation Law * * * and otherwise to investigate and remediate discharges from the Site or be subject to fines and penalties", it does not necessarily follow that Petr-All was caused to expend sums relating to the investigation, remediation, sampling and control of the discharge solely as "the result of" the governmental directive or request. Quite to the contrary, under Navigation Law § 181 (1) Petr-All was strictly liable for all cleanup and removal costs and all direct and indirect damages resulting from the petroleum discharge (see, *Matter of White v Regan,* 171 AD2d 197, 200, lv denied 79 NY2d 754) regardless of any action on the part of DEC. Consistent therewith, the complaint repeatedly alleges that plaintiff incurred the subject expenses as the result of the discharge and its resulting liability under the Navigation Law. I agree with plaintiff that, as applied to liability under the Navigation Law for the discharge of petroleum, the policy's governmental directive limitation is meaningless. Accordingly, I would reverse Supreme Court's grant of summary judgment in favor of defendant in all three of the actions and not just

the two actions arising out of claims of the adjoining property owners.

As a final matter, in its motion for summary judgment in each of the actions, plaintiff sought a declaration (1) that it was entitled to a defense in the underlying action, (2) that it was entitled to be defended by counsel of its own choosing, and (3) that it was entitled to indemnification. Because of its determination to dismiss the complaints, Supreme Court had no occasion to consider plaintiff's individual prayers for relief. In view of the fact that the current record offers little assistance in this regard, I would remit the matter to Supreme Court for determination of plaintiff's motions for summary judgment.

CARDONA, MAHONEY and CASEY, JJ., concur with MIKOLL, J. P.; MERCURE, J., dissents in part and concurs in part in a separate opinion.

Ordered that the orders and judgments in the two actions relating to the two underlying actions commenced by the adjoining property owners are reversed, on the law, without costs, defendant's cross motions for summary judgment are denied, plaintiff's motions for summary judgment are granted, and it is declared that defendant is obligated to defend plaintiff in said underlying actions.

Ordered that the order and judgment in the action relating to the underlying direct action by Petr-All Petroleum Consulting Corporation is affirmed, without costs.