■ GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Respondents, v ROYAL INSURANCE COMPANY, Appellant, et al., Defendants. [657 NYS2d 326] —Order, Supreme Court, New York County (Herman Cahn, J.), entered December 14, 1995, which, in a declaratory judgment action involving the obligations of various insurers to contribute to the defense costs of an underlying action alleging lead poisoning to the insured's tenant caused by prolonged exposure to lead-containing paint chips, upon the parties' respective motions for summary judgment, declared that defendants must contribute ratably with plaintiff to such costs, unanimously affirmed, with costs.

Assuming, as defendant-appellant contends, that the triggering event for coverage under a policy such as this, which insures against, *inter alia*, disease "occur[ing]" during the policy period caused by "continuous or repeated exposure to conditions", is the onset of disease, whether discovered or not, i.e., "injury-in-fact", and not, as plaintiffs contend, first exposure, plaintiffs are entitled to judgment since the underlying complaint does not exclude the possibility that injury-in-fact occurred during appellant's policy period (*see, Continental Cas. Co. v Rapid-American Corp.*, 177 AD2d 61, 65-66, *affd* 80 NY2d 640; *Cortland Pump & Equip. v Firemen's Ins. Co.*, 194 AD2d 117, 121, *lv denied* 83 NY2d 760; *General Acc. Ins. Co. v IDBAR Realty Corp.*, 229 AD2d 515, 516).

Even if the notice of claim tendered to appellant was untimely, it waived that defense by its own failure to provide a timely written disclaimer (Insurance Law § 3420 [d]; *see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028).

We have considered defendant-appellant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.