■ AMERICAN EMPIRE INSURANCE COMPANY, Respondent, v PSM INSURANCE COMPANIES et al., Appellants, and ROYAL IN-

SURANCE COMPANY, Respondent. [687 NYS2d 32] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about July 13, 1998, which denied the motion of plaintiff American Empire Insurance Company (American) for summary judgment seeking full reimbursement of its settlement payment but granted its request for partial reimbursement in the amount of $95,216, granted the cross-motion of defendant Royal Insurance Company (Royal) for summary judgment seeking partial reimbursement in the amount of $23,816, and denied the motion of PSM Insurance Company (PSM) for summary judgment, unanimously reversed, on the law, with one bill of costs payable by American and Royal, the motions of American and Royal denied in their entirety, the motion of defendant PSM granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

This action concerns three insurance companies that issued consecutive policies on a building in which a child suffered injuries due to continuous exposure to lead based paint. The owner of the building, 2065 Grand Concourse Company, had obtained general liability insurance policies from three different companies during the relevant time period: (1) American, providing $500,000 coverage per occurrence and in the aggregate for the period February 5, 1987 to February 5, 1988; (2) Royal, providing $1 million coverage per occurrence for the period February 5, 1988 to February 5, 1989; and (3) PSM, providing $1 million coverage per occurrence, subject to a $2 million aggregate, for the collective periods February 5, 1989 to February 5, 1991.

The three companies settled the action between the child and the building owner for $500,000, each company agreeing to pay $166,666, or one third of the total settlement. American agreed to pay its share on an "advance basis" and specifically reserved its right to seek reimbursement from PSM and Royal, on the basis that (1) the "injury in fact" occurred outside its policy period and (2) the one-third allocation exceeded its responsibility on the claim. This action ensued, in which American sought full reimbursement or, in the alternative, reimbursement under a theory of proration based on the three insurance companies' respective policy limits and time on the risk. Royal filed a counterclaim against American and a cross-complaint against PSM seeking full reimbursement, alleging the injury occurred outside of the time period Royal provided coverage. In the alternative, Royal requested partial reimbursement, based on a proration theory.

The IAS Court correctly rejected American's request for full

reimbursement because there was no demonstration that injury did not occur within American's policy period. In continuous exposure cases, an insurance policy is triggered by the onset of the disease (*Greater N. Y. Mut. Ins. Co. v Royal Ins. Co.*, 238 AD2d 261). Where the underlying complaint does not preclude the possibility that the injury-in-fact occurred during the subject policy period, the policy is triggered (*supra*; *and see, United States Liab. Ins. Co. v Farley*, 215 AD2d 371). Review of the complaint in the underlying personal injury action reveals that the possibility that the lead poisoning began during the policy period is not precluded. American's policy was in effect from February 1987 to February 1988. The child was born in May 1987, and although the child was not actually seen ingesting lead paint until May 1990 and was not diagnosed with plumbism until September 1990, Montefiore Medical Group records from November 1988, when the child was 18 months of age, indicate that at that time he already had an increased lead level. In addition, there was evidence that his mother had made complaints regarding the paint in the apartment beginning prior to the child's birth in 1987 and continuing thereafter through his diagnosis in 1990. Because the possibility that the injury occurred during the subject policy has not been precluded, the policy is triggered.

However, the IAS Court erred in applying a pro rata contribution analysis, thereby holding American responsible for only 14.29% of the $500,000 settlement, Royal responsible for 28.57%, and PSM responsible for 57.14%.

Since American's policy was triggered, and in view of the multiple insurance policies concerned here, the "other insurance" provisions of the General Liability sections of the policies must be examined together. The IAS Court erroneously applied the "other insurance" provision from the Property section of the insurance policies rather than the applicable General Liability sections. The applicable "other insurance" provisions in American's and Royal's policies are clear and unambiguous. They provide for contribution by equal shares in these circumstances. The section providing for contribution on a pro rata basis would only have been applicable if the other insurance policies did not provide for contribution by equal shares. In light of the language employed in the "other insurance" provisions, it is apparent that all three insurance companies were required to pay the $166,666 they each agreed to pay pursuant to the settlement. Concur—Rubin, J. P., Mazzarelli, Andrias and Saxe, JJ.