■ FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT, Respondent, v VICTOR SOLOMON et al., Appellants, et al., Defendants. [855 NYS2d 97]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 22, 2007, granting plaintiff insurer's motion for summary judgment and declaring in its favor that it is not obligated to defend or indemnify defendants-appellants property owner and management company in an underlying action for lead paint injuries, unanimously affirmed, without costs.

Plaintiff satisfied its initial burden on the motion with evidence adduced in disclosure proceedings in the underlying action demonstrating that the infants' lead injuries were sustained before the subject policy went into effect. Such evidence includes the mother's deposition testimony that there were no problems with paint in the apartment following abatement; the subject

policy showing commencement of coverage on December 10, 2002; a letter dated December 12, 2002 from the Department of Health to appellants stating that based on an inspection conducted on July 22, 2002, the lead condition in the apartment had been corrected; and medical records showing that on January 29, 2003, one child's lead level was normal and the other child's level only very slightly elevated at 11 (the parties agree that 10 and under is normal; 10 to 19 is moderate; 20 to 44 is high; and 45 to 69 is urgent). We reject appellants' argument that this January 2003 reading of 11 raises an issue of fact as to whether the child was still being exposed to lead in the apartment after the policy went into effect in December 2002, and that plaintiff's motion papers should have included a medical expert's affidavit explaining why the child's level had not dropped down into an undeniably normal range. As the motion court emphasized, there is no evidence that any lead ingestion could have occurred in the apartment after the July 2002 inspection, and appellants' suggestion to the contrary is mere speculation. We have considered appellants' other arguments and find them unavailing. Concur—Lippman, P.J., Friedman, Catterson and Moskowitz, JJ.