■ JOHN DOWNEY, Plaintiff, v 10 REALTY CO., LLC, Defendant. 10 REALTY CO., LLC, Third-Party Plaintiff-Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent. [911 NYS2d 67]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 20, 2009, which granted the motion by third-party defendant Greater New York Mutual (GNYM) to dismiss the third-party complaint, unanimously affirmed, without costs.

GNYM had no duty to defend or indemnify its insured in the negligence action. According to the complaint, bill of particulars and deposition testimony in the underlying tort action, plaintiff sued for injuries that allegedly occurred in October—or, at the very earliest, August—of 2002, which was outside the insurance policy period that ended on July 1 of that year (*see Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *Fire & Cas. Ins. Co. of Conn. v Solomon*, 50 AD3d 340 [2008]). Plaintiff's alleged exposure to mold during the policy period did not trigger any duty to provide

coverage thereafter, as New York follows the "injury-in-fact" test which "rests on when the injury, sickness, disease or disability actually began" and "requires the insured to demonstrate actual damage or injury during the policy period" (*Continental Cas. Co. v Employers Ins. Co. of Wausau*, 60 AD3d 128, 148 [2008], *lv denied* 13 NY3d 710 [2009]; *cf. American Home Prods. Corp. v Liberty Mut. Ins. Co.*, 748 F2d 760, 765 [2d Cir 1984], *modfg* 565 F Supp 1485, 1497 [SD NY 1983]). Concur—Andrias, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.