◼ EMPIRE STATE SHIPPING SERVICE, LTD., et al., Appellants, v HANOVER INSURANCE COMPANY, Respondent. [931 NYS2d 605]—

We reject defendant's argument that plaintiffs failed to preserve their contentions pertaining to the "accrual dates" of the underlying complaint's causes of action. While they may not have been framed in quite the same manner, plaintiffs' arguments can fairly be construed as having been made before Supreme Court and are therefore preserved (*see Howard S. v Lillian S.*, 62 AD3d 187, 190 [2009], *affd* 14 NY3d 431 [2010]).

The Businessowners Policy provides coverage for "bodily injury" but "only if" it is caused by an "occurrence" and the bodily injury "occurs during the policy period." Supreme Court properly determined that the first and second causes of action in the underlying action, which allege negligent and intentional infliction of emotional distress, do not fall within the scope of "bodily injury" because the earliest that harm is alleged to have occurred is in the fall of 2005, when the plaintiff in the underlying action learned of the alleged mishandling of her son's remains. This was over two years after plaintiff Empire cancelled its policies with defendant, effective June 20, 2003 (*see Melfi v Mount Sinai Hosp.*, 64 AD3d 26 [2009]).

While we agree with plaintiffs that Supreme Court should not have characterized the only damages alleged in the underlying action as emotional distress, this error was harmless because coverage would not have been triggered in any event. The only causes of action for which this error could have triggered coverage are the third and fifth causes of action for negligence and negligent misrepresentation. It is alleged that the plaintiff in the underlying action "was caused, and shall in the future be caused, to suffer severe pain and suffering, severe emotional distress and harm, financial or economic loss, including, but not limited to, present and future lost wages, and other damages." While these causes of action may contain allegations that Empire was negligent during the policy period, there is no allegation that the plaintiff in the underlying action suffered "bodily injury" during the policy period.

We have considered plaintiffs' remaining contentions, and find them unpersuasive. Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ.