■ JERICHO ATRIUM ASSOCIATES, Respondent, v TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, Appellant. [965 NYS2d 537]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Bozzello v AGMB Jericho Atrium LLC*, pending in the Supreme Court, Nassau County, under index No. 984/10, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered December 5, 2011, as denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action, and granted that branch of the plaintiff's cross motion which was for summary judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, that branch of the plaintiff's cross motion which was for summary judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action.

In 2007, the plaintiff, Jericho Atrium Associates, owned commercial premises located in Jericho, New York. The premises was insured by the defendant, Travelers Property Casualty Company of America (hereinafter Travelers), under a policy which was effective from May 2007 to May 2008. The policy

included provisions requiring Travelers to defend and indemnify the plaintiff against bodily injury claims "caused by an 'occurrence' that takes place in the 'coverage territory' " and "occurs during the policy period." On July 31, 2007, the plaintiff sold the premises to AGMB Jericho Atrium, LLC (hereinafter AGMB), and requested that Travelers remove the premises from coverage under the policy. Travelers removed the premises from coverage effective July 31, 2007.

Ten days later, on August 10, 2007, Mary Bozzello slipped and fell at the entrance to the premises. Following her accident, Bozzello and her husband commenced a personal injury action against both the plaintiff and the new owner, AGMB. Travelers disclaimed coverage, and the plaintiff commenced a third-party action against it seeking a judgment declaring that Travelers had a duty to defend and indemnify it in the Bozzello action. After the third-party complaint was severed from the main action, Travelers moved for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff, contending that it had no duty to do so because the premises was not covered by its policy on the date of Bozzello's accident. The plaintiff cross-moved for summary judgment, arguing that it was entitled to both a defense and indemnification because the Bozzellos were seeking to hold it liable on the theory that it knew of a dangerous condition on the premises prior to the transfer, and failed to advise AGMB of the condition in sufficient time to correct it. The Supreme Court denied Travelers' motion, and granted that branch of the plaintiff's cross motion which was for summary judgment declaring that Travelers is obligated to defend the plaintiff in the Bozzello action, concluding that the broad duty to defend was triggered because the plaintiff could potentially be held liable in the Bozzello action on the basis that a dangerous condition existed on the premises prior to its removal from coverage.

Here, the subject insurance policy, read as a whole, clearly and unambiguously provides that the duty to defend and indemnify will attach only to bodily injury caused by an "occurrence" that is covered by the policy and that occurs during the policy period (see Miccio v National Sur. Corp., 170 AD2d 937, 938 [1991]; National Cas. Ins. Co. v City of Mount Vernon, 128 AD2d 332, 336-337 [1987]; Acorn Ponds v Hartford Ins. Co., 105 AD2d 723, 724 [1984]). Accordingly, Travelers made a prima facie showing of its entitlement to judgment as a matter of law by establishing that the bodily injury for which the plaintiff seeks a defense and indemnification occurred after the premises had been removed from coverage (see Miccio v National Sur.

*Corp.*, 170 AD2d at 938; *Acorn Ponds v Hartford Ins. Co.*, 105 AD2d at 724; *see also Empire State Shipping Serv., Ltd. v Hanover Ins. Co.*, 89 AD3d 431, 432 [2011]). Contrary to the plaintiff's contention, the Bozzellos' allegation that the accident was caused by a dangerous condition that existed on the premises before it was removed from coverage does not obligate Travelers to defend and indemnify it. Since the policy predicates coverage upon the sustaining of bodily injury during the policy period, it is immaterial that the negligent acts which allegedly caused the occurrence took place while the policy covering the premises was still in effect (*see Empire State Shipping Serv., Ltd. v Hanover Ins. Co.*, 89 AD3d at 432; *National Cas. Ins. Co. v City of Mount Vernon*, 128 AD2d at 336-337). Thus, the Supreme Court should have granted Travelers' motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the Bozzello action, and should have denied that branch of the plaintiff's cross motion which was for summary judgment declaring that Travelers is obligated to defend it in the underlying action. Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur. **[Prior Case History: 2011 NY Slip Op 33172(U).]**