## AIG Prop. Cas. Co. v Harleysville Worcester Ins. Co.

2024 NY Slip Op 32505(U)

July 22, 2024

Supreme Court, New York County

Docket Number: Index No. 651603/2019

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** | **33M** |
| | *Justice* | | |

-----------------------------------------------------------------------X

AIG PROPERTY CASUALTY COMPANY F/K/A CHARTIS
PROPERTY CASUALTY COMPANY

Plaintiff,

- v -

HARLEYSVILLE WORCESTER INSURANCE COMPANY,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651603/2019 |
| **MOTION DATE** | 06/15/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215

were read on this motion to/for                    JUDGMENT - SUMMARY              .

Upon the foregoing documents, Plaintiff AIG Property Casualty Company's ("Plaintiff" or "AIG") motion for summary judgment seeking a money judgment against Defendant Harleysville Worcester Insurance Company ("Defendant" or "Harleysville") is granted in part and denied in part. Defendant's cross-motion for summary judgment dismissing Plaintiff's Complaint is denied.

## I.      Background

This action stems from Harleysville's insured, Martack Heating and Air Conditioning ("Martack"), installing an HVAC system at 823 Park Avenue, New York, New York (the "Building"). Martack installed the HVAC in February of 2006. Joseph Edelman and Pamela Keld (collectively the "Edelmans") were insured by AIG. The Edelmans purchased the penthouse apartment in the Building (the "Edelman Unit") in October of 2006.

In September of 2013, water damage from leaking HVAC pipes became evident. The dripping allegedly had been ongoing for years. AIG reimbursed the Edelmans for damages in the

651603/2019  AIG PROPERTY CASUALTY vs. HARLEYSVILLE WORCESTER
Motion No.  004

Page 1 of 7

1 of 7

amount of $1,300,000.00. The Edelmans' claim was submitted to AIG on September 9, 2013. Harleysville provided coverage to Martack between February 1, 2006 until February 1, 2013. On November 4, 2014, AIG put Harleysville on notice of AIG's subrogation against Martack.

AIG sued Martack in a subrogation action on October 1, 2015, and again placed Harleysville on notice of the subrogation action. Harleysville disclaimed coverage via letter dated December 11, 2015 on the grounds that the loss took place after cancellation of Martack's policy. Harleysville sent another letter to AIG dated January 4, 2016 stated that the discovery date of the damage was September 9, 2013, which was outside the policy period. Martack failed to appear in the subrogation action and AIG obtained a default judgment against Martack on March 31, 2017 in the amount of $1,717,161.78.

AIG then commenced this action pursuant to Insurance Law § 3420 to enforce the judgment against Harleysville. AIG now moves for summary judgment. AIG argues that coverage is not triggered under the Harleysville policy when the loss is discovered, but rather when the property damage occurs. Because the leaking was ongoing during the policy period, AIG argues Harleysville is required to indemnify Martack.

Harleysville cross-moves for summary judgment and opposed AIG's motion. Harleysville mistakenly conflates the discovery date with the injury-in-fact date. Harleysville argues that the continuous water leakage did not result in an injury does not trigger coverage – it was only when the Edelmans discovered the damage that an occurrence happened. Harleysville further argues that the work product exclusions in the Harleysville policies preclude coverage even if the property damage occurred while Harleysville insured Martack. In opposition, AIG argues that its expert reports show that the water damage from Martack's improper installation has been continuous and ongoing since 2006. AIG argues the mere fact that it was only discovered after the policy period

**651603/2019  AIG PROPERTY CASUALTY vs. HARLEYSVILLE WORCESTER**
**Motion No.  004**

**Page 2 of 7**

[* 2]

2 of 7

does not preclude AIG's right to be indemnified by Harleysville for damages resulting from Martack's negligence when the injuries were sustained during the Harleysville coverage period.

## II.    Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

A policy of insurance is a contract which must be enforced according to its terms (*Gilbane Building Co. v St. Paul Fire and Marine Ins. Co.*, 143 AD3d 134 [1st Dept 2016]). "Unambiguous provisions of an insurance policy are to be given their plain and ordinary meaning, and the plain and ordinary meaning of words may not be disregarded to find an ambiguity where none exists (*Dish Network Corp. v Ace Am. Ins. Co.*, 21 F.4th 207, 211 [2d Cir. 2021]).

### B. AIG's Motion for Summary Judgment

#### 1. Liability

AIG's motion for summary judgment is granted. The Harleysville policies state that they provide coverage for property damage which occurs during the policy period. An occurrence is defined as "an accident, **including continuance or repeated exposure to substantially the same general harmful conditions**" (emphasis added). AIG has produced two expert opinions which

**651603/2019   AIG PROPERTY CASUALTY vs. HARLEYSVILLE WORCESTER**
**Motion No.  004**

Page 3 of 7

3 of 7

both show based on inspections of the Building that the condensation and water damage was ongoing for seven years. Of those seven years, Harleysville provided coverage to Martack for six years and three months.

Harleysville's attempt to claim it has no obligation to provide coverage based on an allegation that the Edelmans did not suffer any injury until September of 2013, which was after the Harleysville policy was cancelled, is without merit. "Injury in fact" is not limited to injuries that are "diagnosable" or "compensable" during the policy period (*American Home Products Corp. v Liberty Mut. Ins. Co.*, 748 F2d 760, 765 [2d Cir. 1984]). Coverage is triggered at the time of the injury, rather than at the time the injury is discovered (*Maryland Cas. Co. v W.R. Grace and Co.*, 23 F.3d 617 [2d Cir. 1993]; *see also Cortland Pump & Equipment, Inc. v Firemen's Ins. Co. of Newark, N.J.*, 194 AD2d 117 [3d Dept 1993]). The burden is on the insured to demonstrate actual damage or injury during the policy period (*Downey v 10 Realty Co., LLC*, 78 AD3d 575, 576 [1st Dept 2010]).

Here, the injury to the building was the result of the continuous water leakage which, according to Plaintiff's experts, began in 2006 and continued through 2013. Structural damage as a result of water leaking occurs over a gradual period and as a result of prolonged and continuous water infiltration. The injury continuously develops over years at a time and may not be discoverable within a designated policy period. To preclude coverage simply because the injury was not discovered until after the policy period had lapsed, despite unrefuted evidence that the water leakage was continuous and ongoing throughout years of coverage, would lead to an unjust result (*Olin Corp. v OneBeacon America Ins. Co.*, 864 F3d 130, 143-144 [2d Cir 2017]; *see also Maxum Indemnity Co. v A One Testing Laboratories, Inc.*, 150 F.Supp.3d 278 [SDNY 2015] [when

651603/2019  AIG PROPERTY CASUALTY vs. HARLEYSVILLE WORCESTER
Motion No.  004

Page 4 of 7

4 of 7

[* 4]

faulty workmanship in building materials is the gravamen of the property damage, the injury can be said to occur at the time of installation]).

The occurrence date which Harleysville sets forth also flies in the face of established Court of Appeals precedent regarding analogous 'long-tail' claims (*see Keyspan Gas East Corporation v Munich Reinsurance America, Inc.*, 31 NY3d 51, 58 [2018] [long-tail claims present an injury-producing harm that is gradual and continuous and typically spans multiple insurance policy period to implicate years during which coverage was in place as well as years for which no coverage was purchased]; *Matter of Viking Pump, Inc.*, 27 NY3d 244, 255 [2016]). Thus, the Court rejects Harleysville's argument that the occurrence date was the discovery date thereby precluding coverage.

Moreover, where an underlying complaint does not exclude the possibility that the injury-in-fact occurred during an applicable policy period, absent an applicable exclusion, disclaiming coverage is inappropriate (*Greater New York Mut. Ins. Co. v Royal Ins. Co.*, 238 AD2d 261 [1st Dept 1997]). The complaint in the underlying action alleged "numerous water leaks" which the "insured discovered it was sustaining" "on or about September 9, 2013" (NYSCEF Doc. 173 at ¶¶ 32-33). Based on these allegations, there was a distinct possibility based on the allegation of "numerous water leaks" that the leaks had been occurring prior to September 9, 2013 thereby falling within the coverage period. Harleysville's argument that it correctly disclaimed coverage and a duty to defend based on the allegations is therefore without merit. Harleysville's own claims notes, exchanged in discovery, show that Harleysville could "not confirm DOL yet…stated it was leaking for a while and claim might involve mold" (NYSCEF Doc. 165 at Bates Nos. HWIC 0146). and it was contemplated assigning defense counsel and issuing a reservation of rights (*id.* at Bates No. HWIC 140). Harleysville's decision to allow default judgment to be entered and its failure to

651603/2019   AIG PROPERTY CASUALTY vs. HARLEYSVILLE WORCESTER
Motion No.  004

Page 5 of 7

5 of 7

conduct its own investigation, when its own adjusters recognized issues with determining coverage, is insufficient to resist Plaintiff's motion for summary judgment.

Nor does Harleysville's citation to the "work product" exclusion defeat Plaintiff's motion. The "occurrence" was not the faulty installation or workmanship, but rather the water which flowed, leaked, and caused property damage as a result of the faulty workmanship (*see I.J. White Corp. v Columbia Cas. Co.*, 105 AD3d 531 [1st Dept 2013]; *George A. Fuller Co. v U.S. Fidelity and Guar. Co.*, 200 AD2d 255 [1st Dept 1994] [policy does not insure faulty workmanship in and of itself, but insures against property damage which flows from insured's faulty workmanship]). Here, the alleged damages are to the Edelman's penthouse unit, not the piping installed by Martak. Thus, the exclusion is inapplicable. The Court has considered the remainder of Harleysville's arguments and considers them without merit.

## 2. Damages

As the Court has found that Harleysville was required to defend and indemnify Martak in the underlying subrogation action, the Court determines the damages for which Harleysville is responsible. Harleysville's insured was found in the underlying action to be jointly and severally liable in the amount of $1,717,161.78 (NYSCEF Doc. 142). Harleysville has done nothing to vacate that judgment and it is not susceptible to collateral attack in this action (*Glebow Realty Associates v Dietrich*, 227 AD3d 610, 611 [1st Dept 2024]; *Silvar v Commissioner of Labor of State*, 175 AD3d 95, 102 [1st Dept 2019]).

However, the Court of Appeals has instructed in analogous long-tail claims that an insurer whose policy is implicated in a long-tail claim is entitled to pro-rata allocation of damages based on the time they spent insuring against the risk (*Keyspan Gas East Corp. v Munich Reinsurance America, Inc.*, 73 NYS3d 113, 117 [2018]). Here, based on Plaintiff's unrefuted expert reports,

**651603/2019  AIG PROPERTY CASUALTY vs. HARLEYSVILLE WORCESTER**
**Motion No. 004**

Page 6 of 7

6 of 7

leaking began immediately following the condominium conversion when the chilled water system became activated (NYSCEF Doc. 188). AIG seeks damages to the Edelmans' occupancy of the penthouse unit spanning from October of 2006 until September of 2013, or 83 months. During that period, Harleysville provided Martak with commercial general liability policies from October of 2006 until February of 2013, or 76 months. Therefore, Harleysville's pro rata share is 76/83 of the total damages sought by AIG.[1]

Accordingly, it is hereby,

ORDERED that Plaintiff AIG Property Casualty Company's motion for summary judgment is granted and Harleysville Worcester Insurance Company's cross-motion for summary judgment is denied; and it is further

ORDERED that Plaintiff AIG Property Casualty Company is entitled to a money judgment against Harleysville Worcester Insurance Company in the amount of $1,572,340.91, plus statutory interest, costs and disbursements as calculated by the Clerk of the Court, and the Clerk of the Court is directed to enter judgment accordingly; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 7/22/2024 | | *May V Rosad JSC* |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[1] The underlying judgment amount was $1,717,161.78. This amount multiplied by 76/83 equals $1,572,340.91. An umbrella policy was issued beginning in 2009 which remained in force through 2013 and provided coverage during the water damage. Thus, Harleysville's argument that any damages award should be limited to the $1,000,000.00 per occurrence limitation in the 2006-2007 policy is without merit.

**651603/2019  AIG PROPERTY CASUALTY vs. HARLEYSVILLE WORCESTER**  Page 7 of 7
**Motion No.  004**

[* 7]