Tamm Consulting v Cincinnati Ins. Co. (2025 NY Slip Op 01595)

Tamm Consulting v Cincinnati Ins. Co.

2025 NY Slip Op 01595

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 300124/18|Appeal No. 3916-3917-3918-3919 & M-0263|Case No. 2022-01160, 2022-01366, 2022-05507, 2022-05647|

[*1]Tamm Consulting, et al., Plaintiffs-Appellants,
v
The Cincinnati Insurance Company et al., Defendants-Respondents, John Does et al., Defendants. 

Tam Consulting and Einar Tamm, appellants pro se.
Horst Krekstein & Runyon LLC, New York (William Krekstein of counsel), for Cincinnati Insurance Company, respondent.
Black Marjieh & Sanford LLP, Elmsford (Nicholas O. Paslow of counsel), for Turner Forensics, Turner Engineering, P.C., Daniel D. Turner and Troy McClure, respondents.

Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered on or about March 8, 2022, which, to the extent appealed from as limited by the briefs, granted defendant The Cincinnati Insurance Company's motion to dismiss the causes of action (except the tenth) against it, unanimously modified, on the law, to deny the motion to dismiss the third cause of action, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 8, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Turner Engineering, P.C., Turner Forensics, Daniel D. Turner, and Troy McClure (collectively, Turner defendants) to dismiss the complaint against them, unanimously affirmed. Order, same court (Fidel E. Gomez, J.), entered September 28, 2022, which denied plaintiffs' motion for leave to renew but granted in part their motion to reargue Cincinnati's motion to dismiss and, upon reargument, denied Cincinnati's motion to dismiss the first and third causes of action, unanimously modified, on the law, to deny plaintiffs' motion as to the first cause of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered September 28, 2022, which denied Cincinnati's motion for summary judgment dismissing the tenth cause of action, unanimously dismissed, without costs, upon the stipulation of the parties to the withdrawal thereof.
Parties may agree to a period limiting the time to commence an action, provided that the agreement is in writing, the limitations period is reasonable, and the provisions setting forth the limitations period are not so vague or ambiguous as to make them unenforceable (see Smile Train, Inc. v Ferris Consulting Corp., 117 AD3d 629, 630 [1st Dept 2014]). Such agreements may use different triggers for commencement of the limitations period, such as by using the date of occurrence, discovery, or loss determination (see generally Cortland Pump & Equip. v Firemen's Ins. Co. of Newark, N.J., 194 AD2d 117, 120 [3d Dept 1993], lv denied 83 NY2d 760 [1994]; Commodore Intl. v National Union Fire Ins. Co. of Pittsburgh, Pa., 184 AD2d 19, 21 [1st Dept 1992]). As is the case here, an agreement may contain different limitations periods for different types of insurance claims (see e.g. Blanar v State Farm Ins. Cos., 34 AD3d 1333, 1334 [4th Dept 2006]).
The court correctly concluded that to the extent plaintiffs seek coverage under the commercial property part in the first and third causes of action, such claims are time-barred. That coverage part contained a two-year limitations period measured by the date of occurrence, which the record on Cincinnati's motion to dismiss established was more than 2 years prior to the filing of this lawsuit.
To the extent plaintiffs seek coverage for valuable papers and fine arts in the first and third causes of action, the limitations period applicable to those is measured by the date of discovery, not loss determination. The [*2]record on Cincinnati's motion to dismiss establishes that the date of discovery for the first cause of action was more than two years prior to commencement of this action, making it time barred. However, the record does not establish that the date of discovery for the third cause of action is beyond the two-year mark. To the extent that Cincinnati argues that the date of discovery was actually earlier than alleged or that the items addressed in plaintiffs' third cause of action do not qualify as valuable papers or fine arts, such arguments require review of facts outside of this record and cannot be determined on Cincinnati's motion to dismiss.
We have considered plaintiffs' various arguments raised in their appeal, and we find them all to be unavailing. M-0263 — Tamm v The Cincinnati Insurance Company
Motion by Turner defendants to dismiss plaintiffs' appeal or for an extension of time to file an opposition brief, denied, except to the extent that an extension of time was previously granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025